HAZEL S. GANTER *vs.* ALEXANDER MACKAY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued June 7th—decided July 12th, 1935.

*DeLancey S. Pelgrift,* for the appellant (defendant).

*Wilson C. Jainsen,* with whom was *E. G. Goldstein,* for the appellee (plaintiff).

PER CURIAM.   The plaintiff brought this action to recover damages for personal injuries suffered and losses sustained as a result of a collision between an automobile in which she was riding as a passenger and an automobile driven by the defendant. The liability of the defendant is not contested, and the sole question

is whether the amount of the verdict—$4200—was so excessive that the trial court erred in not setting it aside. The plaintiff, a house wife aged forty-four years, was sitting upon the back seat of the car and was thrown across the back of the front seat by the collision. The jury might have found the following facts: She is of a nervous temperament. Her immediate injuries consisted of a deep scalp wound and bruises upon her thigh and upper back, a slight contusion or concussion of the brain and a severe nervous shock. These resulted in such a limitation of the movement of her head that she could only turn it with the aid of her hand, and later in stiffness in the neck, considerable pain whenever she did move her head, nervousness, severe headaches, dizziness and nausea, and at times a feeling of pressure in the head. The limitation of motion and pain in the neck were due to arthritis which had been latent but was lighted up by the injury. At the time of the trial, some nine months after the accident, while her condition had improved, she still suffered from pain and stiffness in the neck, headaches and nervousness. All the physicians who testified for either party were in substantial agreement that these conditions might continue indefinitely, and one physician called by her testified that no one ever entirely recovered from arthritis; that when stirred up by an injury it might very well continue for a long time; and that he hoped her discomfort would grow less but could not say it would; and he thought she would always have some discomfort from it. The expenses to which she was put amounted to about $200. The judgment of the trial court refusing to set the verdict aside is of course of great weight with us. In its memorandum of decision, it pointed out certain circumstances indicative of the careful consideration of the case by the jury. Under the circumstances, we

agree with it that while the verdict was undoubtedly large it is not so excessive that the trial court should have set it aside, or that we should now direct a remittitur of a part of the amount awarded.

There is no error.