JOHN P. VANDERSLUIS *v.* STEVE WEIL ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 17—decision released December 19, 1978

*Melvin J. Silverman,* with whom, on the brief, was *Miklos P. Koleszar,* for the appellants (named defendant and defendant Corporate Finders and Consultants, Inc.).

*Francis G. Pennarola,* with whom, on the brief, was *Edward J. Gallagher,* for the appellee (plaintiff).

LOISELLE, J. Steve Weil and Corporate Finders and Consultants, Inc., initiated suit against John P. Vandersluis, hereinafter designated as the plaintiff. That action terminated with a judgment in favor of the plaintiff. The plaintiff then brought the present case in the nature of a claim of vexatious action against Steve Weil, Corporate Finders and Consultants, Inc., and their counsel, Mark F. Gross. The jury found the issues for the plaintiff against Weil and Corporate Finders only, and awarded damages of $12,000. Weil and Corporate Finders,[1] both hereinafter designated as the defendant, have appealed from the judgment rendered.

Evidence adduced at the present trial established the following: The plaintiff is the owner of a dwelling and land on Candlewood Isle in the town of New Fairfield. The defendant owned an abutting lot. The plaintiff first met the defendant in 1968, when the defendant was removing rocks from the plaintiff's property. The plaintiff had intended to use these rocks for a seawall. The next time they met was in the spring of 1969, when the defendant showed the plaintiff the plans for a house he intended to build on his property. Sometime later

---

[1] The defendant Corporate Finders and Consultants, Inc., is a closely held corporation owned by the defendant Steve Weil and his wife. It is for that reason that the defendants Weil and Corporate Finders have been treated as one defendant in this opinion.

in 1969 they discussed the defendant's plans for a well for his lot. On that occasion the plaintiff stated that the well might be too close to a neighboring septic system. In June, 1970, the defendant told the plaintiff that he was having trouble placing his septic system on his property because of the proximity of the plaintiff's well to the property line. The defendant inquired if he could purchase the plaintiff's well. The plaintiff declined the offer. On July 30, 1970, the defendant asked the plaintiff if he would sign a waiver of distance between the defendant's septic system and the plaintiff's well. The plaintiff refused. The defendant then stated, "I built many homes in that area, and I managed to get around worst obstacles. But I tried to be nice to you, but if I have to fight bullets with bullets, I will."

In early August, 1970, the defendant instituted suit against the plaintiff alleging that the plaintiff interfered with the defendant's contract rights by threatening and harassing two individuals and their corporations, that is, Miles Harris of Sanitary Wells, Inc., and Philip Mazzuca of Danbury Septic Tank Service, making it impossible for them to perform their contract with the defendant. The complaint and amended complaint were drawn by Attorney Mark F. Gross, who was also a defendant in the present action and who relied on the facts related to him by the defendant. The action brought by the defendant terminated on March 22, 1972, with a judgment in favor of the plaintiff.

The complaint in this action is not brought under General Statutes § 52-568 allowing treble damages for a vexatious suit but is brought for compensatory damages that were suffered by the plaintiff.

A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor. *Calvo* v. *Bartolotta,* 112 Conn. 396, 397, 152 A. 311; *Schaefer* v. *O. K. Tool Co.,* 110 Conn. 528, 148 A. 330. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. *Paranto* v. *Ball,* 132 Conn. 568, 571, 46 A.2d 6; *McGann* v. *Allen,* 105 Conn. 177, 186, 134 A. 810. Malice may be inferred from lack of probable cause. *Zenik* v. *O'Brien,* 137 Conn. 592, 596–97, 79 A.2d 769; *Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 496, 16 A. 554. The want of probable cause, however, cannot be inferred from the fact that malice was proven. *McGann* v. *Allen,* supra, 187.

The defendant claims that the former suit was initiated with probable cause at the time the action was brought and therefore the trial court should have set the verdict aside. "The existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts, and whether particular facts, constitute probable cause is always a question of law." *Brodrib* v. *Doberstein,* 107 Conn. 294, 296, 140 A. 483. And, as previously stated, want of probable cause may not be inferred from proof of malice. *McGann* v. *Allen,* supra, 187.

Evidence was produced that the plaintiff made no threats to either the well digger or the septic system contractor. Neither of those workmen told

the defendant that they were threatened, harassed or prevented from doing work by the plaintiff. The well digger did not install the well at the time because of personal problems and the septic system contractor did not install the system because he was never authorized to proceed in that project by the defendant. These facts and circumstances, which the jury could have found were known or should have been known by the defendant, establish that the defendant had no knowledge sufficient to justify a reasonable person in instituting an action against the plaintiff. Moreover, the jury could have found that the defendant told his attorney that the plaintiff did threaten and prevent each of those persons from installing the facilities for which the defendant had contracted. The court was not in error in refusing to set aside the verdict in that regard.

The defendant next claims that the verdict was excessive. From the evidence presented, it is apparent that the lawsuit brought by the defendant caused quite an upheaval in the plaintiff's life. While it was pending, the plaintiff was extremely upset and unable to sleep. The situation created marital strife. The attachment of his property and bank account caused considerable worry in view of his company's regulation concerning attachments and garnishment. He had to borrow money to pay his bills and worried about his checks bouncing. The plaintiff, who was an airline pilot, had to rearrange his flight schedule many times in order to consult his attorney and to attend court. His attorney's bill was $1250, his investigator's bill was $207.36 and a deposition fee was $128.74.

"The amount of the award is a matter within the province of the trier of the facts. *Slabinski* v.

*Dix,* 138 Conn. 625, 629, 88 A.2d 115; *Gondek* v. *Pliska,* 135 Conn. 610, 617, 67 A.2d 552 . . . . Then too, denial by the trial court of a motion to set aside a verdict claimed to be excessive is entitled to weighty consideration. *Adams* v. *Mohican Hotel,* 124 Conn. 400, 403, 200 A. 336; *Ganter* v. *MacKay,* 120 Conn. 691, 692, 180 A. 310 . . . . It is with these principles in mind that this court must examine the defendant's claim that the amount of the verdict is exorbitant and unjust in the light of all the evidence. Such a claim raises a question of law. The issue here is not whether this court would have awarded more or less. It is whether the total amount of the verdict falls within the necessarily flexible limits of fair and reasonable compensation or is so large as to offend the sense of justice and compel a conclusion that the jury were influenced by partiality, prejudice or mistake." *Gorczyca* v. *New York, N.H. & H. R. Co.,* 141 Conn. 701, 703, 109 A.2d 589. With these principles in mind, it cannot be held that the damages awarded were excessive.

The defendant further claims that the court was in error in its charge regarding damages in that it instructed the jury that punitive or exemplary damages were recoverable.

Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights. *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 489, 234 A.2d 825; *Triangle Sheet Metal Works, Inc.* v. *Silver,* 154 Conn. 116, 128, 222 A.2d 220; *Hall* v. *Smedley Co.,* 112 Conn. 115, 119, 151 A. 321. If awarded, they are restricted to cost of litigation less taxable costs of the action being tried and not that of any former trial. *Collens* v. *New Canaan Water Co.,* supra, 488; *Seidler* v. *Burns,* 86 Conn.

249, 251, 85 A. 369. Any cost of litigation in a former trial less taxable costs would be compensatory damages suffered by a plaintiff by reason of the former suit. See *Zenik* v. *O'Brien,* 137 Conn. 592, 599, 79 A.2d 769; *Zitkov* v. *Zaleski,* 102 Conn. 439, 444, 128 A. 779. Further, for an award of punitive damages, it is essential that evidence of the cost of the litigation of the case being tried must be offered. *Yavis* v. *Sullivan,* 137 Conn. 253, 261, 76 A.2d 99; *Chykirda* v. *Yanush,* 131 Conn. 565, 569, 41 A.2d 449.

The plaintiff has not pointed to any evidence offered relative to punitive damages in the present action, that is, cost of litigation less taxable costs. The rules of appellate procedure do not require a combing of the transcript by this court to discover if any such evidence was offered.

In its charge to the jury, the court did mention exemplary and punitive damages.[2] But the words "exemplary and punitive damages" do not occur in any other part of the charge. Nor did the court instruct the jury as to litigation expenses less taxable costs of the present case as being recoverable but restricted its charge of damages to those incurred in the prior action.

The inadvertent mention of punitive or exemplary damages could not have had any harmful effect on

---

[2] "He is entitled to be compensated if liability is established for any injury claimed to have been proved which you must find to be the natural result of the wrongful suit brought against him where malice has been proved.

The injured party is entitled to recover not only compensatory damages for his injuries suffered, such as humiliation, loss, and injury to him and his property, interference with gainful occupation and the like.

But exemplary and punitive damages, as well as the latter, again is not to punish the defendants here, but to allow Mr. Vandersluis

the jury because the reference was solely to the costs incurred as a result of the first suit. The charge stated that counsel fees, investigation fees and costs for a deposition of the prior suit were includable. Based on the charge as a whole those items were recoverable only as compensatory damages resulting from the prior suit, not as punitive or exemplary damages of the case on trial. It is well settled that a charge to the jury is to be judged in its entirety and harmful error cannot be predicated on detached sentences or portions of the charge unless it is reasonably probable that the jury could have been misled by them. *Penna* v. *Esposito*, 154 Conn. 212, 215, 224 A.2d 536; *Allard* v. *Hartford*, 151 Conn. 284, 292, 197 A.2d 69. Although the court was in error in relating punitive or exemplary damages to costs of a prior trial, the error was harmless.

The final claim of error is that the defendant acted upon advice of counsel and further that the jury's verdict in favor of the defendant's counsel was so inconsistent that the verdict against the defendant should have been set aside.

to recover for his injuries in defending the prior suit, including counsel fees. But being exclusive of taxable costs.

You will find amongst your exhibits the bills from Gallagher & Gallagher, which [were] $1250 he spent for attorney's fees. And $207.36 for an investigator. And there was also testimony, I believe it was oral, that the deposition cost him $128.74.

So the concrete figures I have for out-of-pocket expenses—and I hope they are right—come to $1586.10.

In addition to that, the, you go on to, if you are going to allow those, to go on to the humiliation and suffering and other side effects. But these are the actual out-of-pocket expenses and I have computed them.

And I am not sure if they are all in the exhibits. But if they are not, the only thing you might not find is the deposition. But they may be on the bill of costs."

Advice of counsel is a complete defense to an action of malicious prosecution or vexatious suit when it is shown that the defendant made the complaint in a criminal action or instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing. The fact that the attorney's advice was unsound or erroneous will not affect the result. *Brodrib* v. *Doberstein,* 107 Conn. 294, 296, 140 A. 483; *Smith* v. *King,* 62 Conn. 515, 26 A. 1059.

The jury could have found from the evidence previously stated in this opinion that the defendant did not make a full and fair statement of all facts within his knowledge or which he was charged with knowing when he related to his attorney that the plaintiff had threatened and molested the two workmen. Under these circumstances, he is not entitled to rely on the defense of advice of counsel.

As to the claim of inconsistent verdicts, the jury could have found that counsel did have probable cause to draft a complaint on the facts given to him by the defendant and further that the counsel's reliance on his client was justified. There was ample evidence for the jury to believe that the facts told to the counsel by the defendant were not the true facts. Under these circumstances, there simply is no inconsistency with the verdict in favor of counsel and against the defendant.

There is no error.

In this opinion the other judges concurred.