[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Steven Levine is the owner of the Seagrape Cafe, an eating and drinking establishment located in the Town of Fairfield. The plaintiff is the holder of license number 3211 which was issued by the Department of Liquor Control of the State of Connecticut. On August 23, 1988, the Department of Liquor Control commenced a hearing to consider a remonstrance against the plaintiff's application for a cafe liquor permit for the Seagrape Cafe.
The Liquor Control Commission adjourned the August hearing because the individual defendants had filed an ambiguous remonstrance. The Commission then ordered the individual defendants to file a more specific statement as to the charges against the plaintiff. (Exhibit A). On October 4, 1988, the Commission again held a hearing regarding the individual defendant's remonstrance against Steven Levine. The Department CT Page 9125 of Liquor Control (hereinafter called the DLC) did not revoke Levine's liquor license. In December, 1988 Levine brought this action which claims, inter alia, malicious prosecution (Count VII) based upon the individual defendants' initiation of the remonstrance without probable cause.
The defendants have moved for summary judgment on the plaintiff's malicious prosecution action claiming:
1. That Connecticut does not recognize a cause of action for malicious prosecution through the initiation of an administrative proceeding;
2. That the plaintiff cannot prove a lack of probable cause for the remonstrance;
3. That advice of counsel is a complete defense to an action for malicious prosecution; and
4. That the First Amendment protects their conduct below.
Only the first and third grounds were argued at Short Calendar on September 30, 1991. The case of DeLaurentis v. New Haven,220 Conn. 225, decided on August 20, 1991 disposed of the defendants' first argument. No reason was advanced for the defendants' decision not to pursue the third ground, although the court suspects it was that portion of the plaintiff's brief which pointed out that the defendants' failure to file supporting affidavits as to what they disclosed to their attorney below was fatal. See Memorandum in Opposition to Defendants' Motion for Summary Judgment at pp. 8-10.)
The defendants filed a remonstrance against the plaintiff and enumerated specific charges.
 1. Serving of intoxicating liquors to minors, including an incident (sic) which occurred on/or about March 24, 1988 and July 22, 1988.
 2. Serving of intoxicating liquors to a patron who was already intoxicated, including an incident on or about July 22, 1988.
 3. Continual overcrowding of premises, including an incident on February 21, 1988.
 4. Excessive loud noises in a residential neighborhood, including incidents which occurred on December 3, CT Page 9126 1987, December 9, 1987, January 28, 1988, February 8, 1988, May 15, 1988 and May 18, 1988.
 5. Congregation of patrons outside premises, including incidents which occurred on September 10, 1987 and October 17, 1987.
 6. Breaches of peace in and around the restaurant, including incidents which occurred on January 15, 1988, March 3, 1988, March 5, 1988, April 16, 1988, April 21, 1988, and April 30, 1988.
 7. Insufficient parking resulting in patrons parking in tow away zones and on the property of residential property owners, including incidents which occurred on August 8, 1987, August 14, 1987, three incidents on February 20, 1988, February 27, 1988, May 1, 1988, May 13, 1988, and May 24, 1988.
 8. Sex oriented entertainment in a residential neighborhood, including scantily dressed models in lingerie.
 9. Littering by patrons on a weekly basis during the school season.
10. Failure to provide food service to patrons.
It is undisputed that an essential element of malicious prosecution is want of probable cause. Probable cause in civil actions has been defined by courts as facts and circumstances which will warrant a cautious man in a belief that his action is just and proper, or a knowledge of facts strong enough to justify a reasonable man in a belief that he has lawful ground for his action. 52 Am.Jur.2d 51 (1970). See also, Herring v. Citizens Bank Trust Co., 21 Md. App. 517, 321 A.2d 182 (1974); Nelson v. National Casualty Co., 179 Minn. 53, 228 N.W. (1929). Additionally, Connecticut defines probable cause as "the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting the claim". Vandersluis v. Weil, 176 Conn. 353, 407 A.2d 982, 985
(1978).
The defendants argue that the decision of the Department of Liquor Control demonstrates that probable cause did indeed exist. CT Page 9127
 "We are convinced that the activities complaint brought by the remonstrants have in fact taken place (except for the claim of liquor leaving the premises for which there was no corroboration)."
They further argue that because Levine did not appeal this ruling, this Court is bound by it. The plaintiff correctly retorts that the doctrine of res judicata does not apply here because he did not have reason or opportunity to seek judicial review of adverse findings. See Convalescence Center of Bloomfield, Inc. v. Dept. of Income Maintenance, 208 Conn. 187,195 (1988). Because he prevailed below, there was no avenue of redress to pursue. "The defendants were not required to appeal from that decision because they had already obtained the relief sought. Within the time for appeal, the department of liquor control issued them their permit. Having obtained from the department the relief they sought, there was no reason for them to appeal from the board's decision. `To do so would have availed them nothing. "The law does not require the doing of a useless thing." [citations omitted]'." East Lyme v. Waddington, 4 Conn. App. 252, 256 (1985).
Additionally, the allegation that liquor left the premises went uncorroborated. Two other allegations: that the plaintiff served intoxicating liquor to minors and that he served liquor to an already intoxicated person, the most serious perhaps, went unmentioned in the Liquor Control Commission's decision, which was directed almost entirely to the noise problems. Nor was there any specific reference by the defendants to testimony substantiating those allegations. Certainly whether or not there was a foundation for such assertions presents a question of fact to be resolved by the trier. Whether probable cause existed is a mixed question of fact and law. A trier's conclusion is an applicable issue of law that is based on subordinate facts. In light of the record thus far presented, whether the defendants had probable cause to bring the remonstrance on all the grounds alleged remains an open issue which can thus not be resolved today by way of a summary judgment motion.
The second argument advanced by the defendants: that theFirst Amendment to the United States Constitution protects their rights to file a remonstrance is equally flawed. Defendants cannot file baseless litigation. Whether or not the remonstrance was baseless cannot be resolved based upon the current record and remains an issue of fact. TheFirst Amendment does not immunize false statements if they are indeed proven to be such. Bill Johnson's Restaurant, Inc. v. NLRB, CT Page 9128461 U.S. 731 (1976). Moreover, the plaintiff's claim is based on the institution of litigation he claims was baseless rather than on what was specifically testified to at the hearing. See Petyan v. Ellis, 200 Conn. 243 (1986) (for discussion of immunity/privilege where false statements are made in judicial proceedings). Once again, whether the allegations underlying the remonstrance were genuine is an issue properly left for trial.
KATZ, JUDGE