[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff, C.J. Mozzochi, Ph.D., brings this action against two attorneys for the Town of Glastonbury and two attorneys for the Freedom of Information Commission, alleging vexatious litigation. Briefly summarized, the Town of Glastonbury apparently petitioned the Freedom of Information Commission for relief from what the Town considered excessive and abusive requests under the Freedom of Information Act by the plaintiff. The defendants Perpetua and Pearlman are attorneys and employees of the Freedom of Information Commission, who advised the Commission in the hearing on the Town of Glastonbury's application for relief from plaintiff's FOIA requests, and in the issuing by the FOIC of Advisory Opinion 71 (AO-71).
Initially, plaintiff brought this action in one count and the case appeared before the court on defendants Perpetua's and Pearlman's motion to strike. The parties all seemed to wish the court to decide the issue, so leave was given for plaintiff to separate his complaint into one count for each defendant. Plaintiff, appearing pro se, apparently misunderstood and separated the complaint into two counts, one against the two attorneys for the Town of Glastonbury, who are not involved in this motion to strike, and a second count directed to the defendants Perpetua and Pearlman. While still technically problematic, count two does contain only allegations relative to the defendants Perpetua and Pearlman, CT Page 7358 and the allegations against each defendant are precisely the same. Therefore, the court will overlook the technical flaw and proceed to the merits of the motion to strike count two of the complaint brought by the defendants Perpetua and Pearlman.
A motion to strike challenges the legal sufficiency of a pleading. Practice Book Section 152. A motion to strike admits all facts well pleaded; Ferryman v. Groton, 212 Conn. 138,142 (1989); but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings.Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In deciding a motion to strike, the court is limited to the facts alleged in the pleading which is the subject of the motion to strike;Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988); and must view the facts alleged in the pleading in the light most favorable to the pleader. Ferrymam [Ferryman] v. Groton, supra, 146.
A cause of action for vexatious suit requires proof of want of probable cause, malice and a termination of suit in the plaintiff's favor. Vandersluis v. Weil, 176 Conn. 353,356 (1978). The count directed against the defendants, Perpetua and Pearlman, incorporates 14 paragraphs of the 24 paragraphs alleged in count one and adds only 3 other paragraphs. The first count, as previously stated, alleges the institution of a complaint before the FOIC against the plaintiff by the Town of Glastonbury, represented by the other two plaintiffs in the case. The allegations that the court can construe, even giving the pro se plaintiff's complaint every possible favorable reading, as dealing with the requirement of termination of suit in the plaintiff's favor, are as follows: The plaintiff appealed the FOIC's ruling to the Superior Court, a hearing was held, the trial judge repeatedly asked for authority that would justify the Commission's order against the plaintiff, the trial judge indicated there was no law to support the Commission's ruling and "overturned the Commission's creation of it." Parenthetically, the court notes that the trial court's remand order involves a stay of the FOIC's advisory opinion pending a final ruling by the Superior Court as to its validity, but plaintiff is entitled to plead allegations even if he cannot prove them. Nonetheless, the next paragraph of the complaint says "Although plaintiff intends to appeal to the Superior Court portions of the findings found in AO-71, his appeal will be designed in such a way as to not in any way affect those CT Page 7359 findings in AO-71 which are at issue in this action." The court holds that this is an insufficient allegation of termination of the litigation in plaintiff's favor, assuming, arguendo, that the filing of a petition before the FOIC is indeed a suit for which a vexatious litigation action can be brought.
The specific allegations against the defendants named in count two (Perpetua and Pearlman) will be quoted in full:
 3. Defendant, Pearlman and Perpetua, are attorneys employed by the State of Connecticut Freedom of Information Commission (FOIC). They were the prime legal consultants to AO-71 (mentioned later), and they were the attorneys who contributed the most to drafting AO-71 (mentioned later).
 8. After my attorney presented the above legal argument, the Commission consulted with Defendants, Perpetua and Pearlman, who emphatically stated that my attorney was absolutely and totally incorrect, but they did not submit any brief to either the Commission or my attorney (who had submitted a brief to the Commission on this matter at least a week before the hearing) to support their position.
 25. Defendants, Pearlman and Perpetua, are being sued in their capacity as attorneys licensed by the State of Connecticut to practice law, and they are not being sued in their capacity as employees of the FOIC.
The court will construe those allegations to somehow allege lack of probable cause, but the court is unable to understand how giving advice to the body before whom the alleged vexatious litigation has been brought amounts to an action constituting the tort of vexatious litigation, or vexatious suit. Therefore, the court holds that the plaintiff has failed to allege that either defendant Pearlman or defendant Perpetua has instituted anything at all whether "action" or otherwise.
Finally, the plaintiff's allegations as to malice are incorporated into this count from the first count and are, verbatim, as follows: CT Page 7360
 "21. Consequently the legal issues mentioned above that the Plaintiff had to defend were totally frivolous, totally without merit and were filed for the sole purpose of harassing the Plaintiff by causing him to expend a considerable amount of his time, money and energy to defend them.
 22. The conduct of the Defendants constitutes an academic, textbook example of vexatious litigation under the Connecticut statutes of law.
 24. As a direct and proximate result of the activities and malicious conduct of the Defendants, the Plaintiff was grievously injured in his reputation and standing in the community as well as in his profession; and suffered extreme financial and emotional distress, all to his special loss and damage."
These counts incorporated from the first count which makes allegations against the attorneys for the Town of Glastonbury, might conceivably be sufficient to allege a malicious intent when combined with the specific factual allegations concerning the petition brought by the Town. These allegations, as incorporated into the second count, however, can only flow from the factual allegations quoted above in paragraphs 3 and 8. Thus, the allegations as to malice on the part of defendants Pearlman and Perpetua are nothing more than conclusions which the court does not have to accept as true for purposes of this motion to strike.
For the foregoing reasons, the Motion to Strike count 2 of the complaint in this action is granted.
Koletsky, J.