[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' AMENDED MOTION TO STRIKE COUNTS TWOAND FOUR OF THE COMPLAINT
This is a case of first impression in Connecticut.
Plaintiff has not contested the motion to strike Count Four. Accordingly, that part of the motion is granted.
Plaintiff has brought this action alleging that the CT Page 8983 defendants, Gosselins, were owners and operators of the Bradley International Inn in Windsor Locks, Connecticut. These defendants are also known hereafter as "Gosselins". Plaintiff further alleges that on August 28, 1995, an employee of the Gosselins, the defendant James E. Daye, (hereafter "Daye"), while assisting the plaintiff, drove a utility cart backwards striking the plaintiff causing him to sustain severe injuries. Plaintiff also alleges in Count Two that the injuries were caused by the reckless indifferences of the Gosselins to the rights of the plaintiff, more specifically, inter alia, that Daye was under the influence of alcohol at the time he was operating the utility cart, that the Gosselins allowed Daye to perform his duties while he was under the influence of alcohol, that they knew he was under the influence of alcohol and that he thus posed a danger to patrons of their business, including the plaintiff. Defendants have moved to strike this count claiming that the utility cart is not a "motor vehicle" and, therefore, C.G.S. Sec. 14-295 does not apply, and that the complaint fails to state a claim upon which relief can be granted because at common law there is no vicarious liability for punitive or exemplary damages.
STANDARD OF REVIEW
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group. Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Id., 215.
ISSUES
Defendants' argument as to vicarious liability is misplaced. Plaintiff is not claiming vicarious liability in Count Two. He is claiming a separate and distinct claim of recklessness by the Gosselins for failing to properly supervise their employee as aforementioned.
At oral argument, defendants claimed that the Gosselins were required to have expressly authorized, ratified or approved of Daye's actions. Further, they claim there is no common law cause of action for reckless supervision of an employee. CT Page 8984
Although inclusion of the specific language mentioned by the defendants as to authorization, ratification and approval would make the complaint more precisely drawn, this court finds that the language in Count Two is sufficient to set forth a claim of approval, ratification or authorization. Paragraph 8d which claims that the Gosselins knew Daye was under the influence of alcohol at the time of the accident can certainly be construed as approval of his acting under the influence of alcohol. As stated in Novametrix, supra, the court must construe the facts in the complaint most favorably to the plaintiff.
The dispositive issue in this case is whether there is acommon law cause of action for reckless supervision of anemployee. The court has found no Connecticut Appellate or Supreme Court cases on this point nor has it found any cases from other jurisdictions. Gutierrez v. Thorne, 13 Conn. App. 493
(1988) permits a cause of action for negligent supervision. Plaintiff claims that reckless supervision is a logical extension of negligent supervision. This court agrees. Vandersluis v. Weil,176 Conn. 353, 358 (1978) states: "Punitive damages are awardedwhere the evidence shows a reckless indifference to the rights ofothers or an intentional and wanton violation of those rights." emphasis added. That is exactly what the plaintiff has claimed in Count Two. There is no case law or statutory law that excludes supervision of an employee with reckless indifference to the rights of others as a cause of action.[1] Therefore, this court finds that the wording in Vandersluis, supra, is applicable to the allegations in Count Two, and that there is a common law action for supervision of an employee wirth reckless indifference or disregard of the rights of others, also known as reckless supervision of an employee.
Count Two, therefore, does state a claim upon which relief can be granted. The motion to strike Count Two is denied.
Rittenband, J.