[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #120
The defendants move for summary judgment as to count one of the plaintiff's second amended complaint on the ground that the plaintiff's claim for vexatious litigation is legally insufficient because the defendants' had probable cause to commence and prosecute the 1989 action, because the defendants, Michael Konover and VMK, Inc., are limited partners and therefore cannot be liable and because the defendant, Victoria Konover, was not a party to the 1989 cause of action.
The plaintiff, Talcott Mountain Science Center for Student Involvement, Inc. ("Science Center"), is a charitable, non-profit corporation that provides educational opportunities to elementary, junior high school, high school and college students. The Science Center's educational facilities are located on land at the crest of Talcott Mountain, in Avon and Bloomfield, Connecticut. The only access to the property is over Montevideo Road, a semi-improved private roadway approximately 1.8 miles long.
During the 1950's and 1960's, the federal government acquired title to a portion of land atop Talcott Mountain in the towns of Avon and Bloomfield, on which it operated a Nike-Ajax missile station. After these operations were discontinued, by deed dated CT Page 1253 April 12, 1967, the federal government conveyed this parcel of land (known as the "Federal Parcel") to the Town of Avon. In June, 1975, the Town of Avon conveyed the Federal Parcel to the Science Center. The deeds from the federal government to the Town of Avon and from the Town of Avon to the Science Center all recognize and convey recorded rights of access to the Federal Parcel over Montevideo Road. This is referred to by the parties as the "federal easement."
In January, 1980, by way of a Special Act of the General Assembly, the State of Connecticut conveyed a 13.8 acre parcel of land to the Science Center. This parcel, known as the State Parcel, is adjacent to the Federal Parcel and nearly surrounds it on the north, south and west sides. Beginning in the early 1980's, the Science Center undertook to relocate its educational facilities to a new facility on the State Parcel. The new facility was completed in 1991, at a cost of more than $2.6 million.
In December, 1987, the defendant, Abington Commercial Associates Limited Partnership ("Abington"), a real estate developer, acquired 95 acres of land adjacent to the state parcel, which included the land underlying Montevideo Road. The defendant, Victoria M. Konover, resides at 333 Montevideo Drive, Avon, Connecticut, and was a general partner of Abington. From January 2, 1995, to the present, VMK, Inc., has been a successor general partner of Abington. The defendant, Michael Konover, resides at 333 Montevideo Drive, Avon, Connecticut, and he has been a limited partner of Abington. The Science Center also alleges that the defendant Michael Konover has been Abington's agent or authorized representative.
In what was to be the start of a series of lawsuits involving the Science Center and Abington, on October 13, 1989, Abington brought an action challenging the Science Center's right of access to the State Parcel over Montevideo Road. Abington alleged that the Science Center was using the Federal Parcel in violation of a restrictive covenant limiting the use to educational purposes and it alleged an overburdening of the federal easement. The action ended in a mistrial and Abington withdrew the lawsuit.Abington Limited Partnership v. Talcott Mountain Science Centerfor Student Involvement. Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 700506 (January 2, 1991, Koletsky, J.) (trial transcript) ("1989 action") A new action was commenced in 1992, in which Abington sought to settle CT Page 1254 title among the parties. The court, Satter, J., rendered its decision on December 3, 1996, and concluded that Abington had failed to prove its counts of quiet title, trespass, and misuse of the easement against the defendants.Abington LimitedPartnership v. Talcott Mountain Science Center for StudentInvolvement. Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513349 (December 3, 1996, Satter, J.).
In addition to the 1989 and 1992 actions, Abington commenced three other lawsuits against and involving the Science Center.[1] All three lawsuits terminated in favor of the Science Center. On January 9, 1996, by way of a four count second amended complaint, the Science Center brought the present action against Abington, Victoria Konover, Michael Konover and VMK, Inc., alleging vexatious litigation in connection with the previous lawsuits. The defendants now move for summary judgment as to count one of the second amended complaint alleging vexatious litigation concerning the 1989 action. The defendants seek summary judgment on the grounds that the plaintiff's claim for vexatious litigation must fail because the defendants' had probable cause to commence and prosecute the 1989 action, because the defendants, Michael Konover and VMK, Inc., are limited partners and therefore cannot be liable and because the defendant Victoria Konover was not a party to the 1989 cause of action. The defendants filed a memorandum of law in support of their motion for summary judgment and the plaintiff has filed a memorandum of law in opposition. Both parties have also filed numerous supplemental memoranda in support of their positions.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Internal quotation marks omitted.) Great Country Bank v.Pastore, 241 Conn. 423, 435, 696 A.2d 1254 (1997). "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
The defendants argue the following in support of their motion for summary judgment. First, the defendant Abington claims that the court should find that as a matter of law, it had probable cause to commence and prosecute the 1989 action. Specifically, Abington relies on the holding of Judge Satter in the 1992 action. Abington Limited Partnership v. Talcott Mountain ScienceCT Page 1255Center for Student Involvement, Inc., supra, Superior Court, Docket No. 513349. Abington claims that because Judge Satter concluded that the Science Center failed to prove that it had an easement over Montevideo Road to access the State Parcel, either by grant, reservation, implication or necessity, this court should find that it had probable cause to commence the 1989 action and question the Science Center's use of the Montevideo Road to access the State Parcel.
In response, the Science Center argues that the facts available to Abington and the other defendants when the 1989 action was commenced make clear that they knew or should have known that the Science Center had access rights over Montevideo Road to reach the State Parcel. The Science Center argues further that even if there was probable cause as to some of the counts of the 1989 action, a genuine issue of fact exists as to whether there was probable cause as to the third, fifth and sixth counts of that action.
Judge Satter relied on Carbone v. Vigliotti,222 Conn. 216, 610 A.2d 565 (1992) in holding that the Science Center's use of the federal easement to access the State Parcel did not overburden the federal easement. Abington argues at length that because the decision in Carbone v. Vigliotti, supra, was not rendered until after the commencement of the 1989 action, and because this decision allegedly changed the well established law that an easement cannot be used for the benefit of land other than the dominant estate, the court should find that Abington had probable cause to commence the 1989 action. The 1989 action, however, consisted of six counts, and the parties disagree as to whether all six counts concerned this same issue. Furthermore, in deciding the 1992 action, Judge Satter never directly addressed the issue of probable cause and the parties never requested a finding of fact. The Connecticut Supreme Court has held that a valid cause of action for vexatious litigation exists, even if some of the counts of the action are supported by probable cause. See DeLaurentis v. New Haven, 220 Conn. 225, 253-54,597 A.2d 807 (1991). Because this court concludes that the evidence construed in a light most favorable to the Science Center presents material issues of fact that cannot be resolved on a motion for summary judgment, this court finds the defendants' argument unpersuasive.
"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil CT Page 1256 action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." Vandersluis v.Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978). The Connecticut Supreme Court [has] never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration." DeLaurentis v. New Haven,
supra, 220 Conn. 251.
"Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action." Vandersluis v.Weil, supra, 176 Conn. 356. "Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." DeLaurentis v. New Haven,
supra, 220 Conn. 256. "Whether the facts are sufficient to establish the lack of probable cause is a question ultimately to be determined by the court, but when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law. Id., 252-53. The DeLaurentis court also held that even if there is probable cause as to some of the counts of a complaint, if for others there is not, then a party may allege that the action was brought without probable cause. Id., 253-54.
The determination of probable cause in an action for vexatious litigation turns on the defendant's state of mind concerning the litigation. See Shea v. Chase ManhattanBank, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149647 (June 17, 1997, D'Andrea, J.). Summary judgment "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 376, 260 A.2d 596 (1969). Moreover, summary judgment is "ill adapted to cases of a complex nature," Id., 375, such as the present case. Viewing the evidence in a light most favorable to the plaintiff, the court finds that genuine issues of material fact exist as to whether the defendants had probable cause to bring the 1989 action. Accordingly, the court denies the CT Page 1257 defendants' motion for summary judgment as to count one of the plaintiff's second amended complaint.
The defendants also argue that even if the court finds that issues of fact exist as to whether the cause of action Abington brought was vexatious, liability cannot attach to the limited and general partners. Specifically, they argue that Michael Konover and VMK, Inc., as limited partners of Abington Limited Partnership, cannot be held liable for the obligations of the limited partnership. Moreover, they a so argue that although Victoria Konover is a general partner, she cannot be said to have brought the 1989 action vexatiously because she was not a party to that action.
The Science Center counters that because Victoria Konover was a general partner of Abington at all relevant times from June 27, 1989 until January 1, 1995, and because she was sued in that capacity, she can be held accountable for the obligations of the limited partnership concerning the 1989 action. The Science Center argues further that because VMK, Inc. is the present general partner, it can also be held accountable. Finally, the Science Center argues that although Michael Konover is a limited partner, he was also an agent and the authorized representative of Abington and therefore, he is liable for his own torts and the torts of Abington committed at his direction.
General Statutes § 34-15 provides in relevant part that "a limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he participates in the control of the business . . . (b) A limited partner does not participate in the control of the business within the meaning of subsection (a) of this section by virtue of his possessing or exercising one or more of the following powers: (1) Being a contractor for or an agent or employee of the limited partnership or of a general partner . . . ."
Furthermore, General Statutes § 34-17 (b) provides in relevant part that "[e]xcept as provided in this chapter, a general partner of a limited partnership shall have all the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners." Therefore, because of Victoria Konover's status as a general partner, she can properly be held accountable for the obligations of the partnership. Michael Konover is a limited CT Page 1258 partner and as such, pursuant to General Statutes § 34-15 he may not be held responsible. The Science Center, however, alleges that it has brought action against him in his capacity as an agent of Abington. The Science Center does not allege that as an agent, Michael Konover can be considered to have participated in control of the limited partnership and can therefore be held accountable as if he was a general partner. Therefore, General Statutes § 34-15 (b) is inapplicable. The Science Center alleges that as an agent, Michael Konover is individually liable for his own torts. The issues of whether an individual is an agent and the scope of the agent's liability involve questions of fact that cannot be resolved on a motion for summary judgment. See Maturo v. Gerard, 196 Conn. 584, 587,494 A.2d 1199 (1985) (holding that "[w]here . . . an agent . . . commits or participates in the commission of a tort, whether or not he acts on behalf of his principal . . . he is liable to third persons injured thereby") (Internal quotation marks omitted.);Gateway v. DiNoia, 232 Conn. 223, 240, 654 A.2d 342
(1995) (holding that "[t]he existence of agency is a question of fact to be determined by the trier of fact");Bank of Montreal v. Gallo, 3 Conn. App. 268, 273,487 A.2d 1101, cert. denied, 195 Conn. 803, 491 A.2d 1103 (1985). Accordingly, the court finds that summary judgment is inappropriate.
At the time of the 1989 action, VMK, Inc. was a limited partner of Abington. As a limited partner, VMK, Inc. cannot be held responsible for the liabilities of Abington. General Statutes § 34-15. The Science Center argues, however, that because VMK, Inc is currently a general partner, it can be held accountable.[2] See General Statutes §§ 34-15, 34-17. Therefore, the issue is whether VMK, Inc. can be held responsible for liabilities incurred by the limited partnership prior to its becoming a general partner. While the Uniform Limited Partnership Act does not address this issue, it is addressed in the Uniform Partnership Act, General Statutes § 34-9 et seq.[3]
General Statutes § 34-55 provides that "[a] person admitted as a partner to an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that this liability shall be satisfied only out of partnership property." General Statutes § 34-55 has been repealed, effective July 1, 1997. General Statutes §34-399 provides that the new provisions do not affect an action or proceeding commenced or right accrued before July 1, 1997." CT Page 1259 Therefore, the new provisions of the Uniform Partnership Act do not apply to the present case.
Because the parties do not dispute that VMK, Inc. is currently a general partner of Abington, a factual issue does not exist and the court may decide the issue of whether VMK, Inc. can be held liable as a matter of law. Pursuant to General Statutes § 34-15, general partners are responsible for the liabilities of the limited partnership. General Statutes § 34-55 provides that partners admitted to an existing partnership are liable for the pre-existing obligations of the partnership. Therefore, the court finds that because VMK, Inc. is currently a general partner of Abington and because it can be held accountable for pre-existing obligations of the limited partnership, as a matter of law, VMK, Inc. is not entitled to summary judgment.
Hennessey, J.