[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#133)
Plaintiffs, Michael Kasprzychi and Kristine Kasprzychi, have sued defendants, John T. Appel ("Appel") and Lynda Gargano ("Gargano"), claiming that the drinking water on the property they purchased from Appel, owner of the premises, and from Gargano, sales agent, was not potable and contained unacceptable levels of coliform. Appel and Gargano have impleaded third party defendants, Ann E. Gawrych ("Gawrych"), the listing agent, and Annette Vertucci, of Beazley Realtors, claiming that they intentionally or negligently misrepresented that the water servicing the property was potable, and that they failed to make a full and fair disclosure of the condition of the water.
Gawrych has filed a counterclaim against Appel and Gargano alleging a cause of action for vexatious litigation. Appel and Gargano now move to strike the counterclaim on the grounds that it does not allege all of the requisite elements necessary to state a cause of action for vexatious litigation. Specifically, they claim that Gawrych is required to allege that the underlying CT Page 2599 action (i.e. the present lawsuit regarding the potability of the water) was terminated favorably to Gawrych, before she may properly bring a claim of vexatious litigation. For the reasons set forth below, the motion to strike the counterclaim s granted.
Connecticut Practice Book section 10-39 provides, "whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . counterclaim . . ., that party may do so by filing a motion to strike the contested pleading or part thereof." "A counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield LeaseCorp. v. Romano's Auto Service, 4 Conn. App. 495, 496 (1985).
Connecticut law requires that in order to establish a cause of action for vexatious litigation, you must allege: (1) that no probable cause existed for instituting the suit complained of, (2) malice, and (3) that the underlying suit terminated favorably to the defendant. DeLaurentis v. City of New Haven,220 Conn. 225, 248 (1991); Vandersluis v. Weil, 176 Conn. 353, 356 (1978).
With respect to the third element requiring that the underlying suit terminated favorably to the defendant, "termination" is established when (1) the action has gone to judgment resulting in a verdict of acquittal, in the criminal context, or no liability, in the civil context, (2) the underlying action is withdrawn as long as the plaintiff can show that the withdrawal creates an inference that he is innocent, in the criminal context, or not liable, in the civil context, or (3) the underlying action was abandoned or withdrawn without consideration meaning without either a plea bargain or a settlement favoring the party originating the action. DeLaurentisv. City of New Haven, 220 Conn. 225, 250 (1991).
The counterclaim filed by third party defendant, Gawrych, is defective in that it fails to allege the requisite third element: that the underlying action has terminated favorably to her.[1]
At this point, it is impossible to make such an allegation because the underlying action remains pending. Accordingly, the motion to strike the counterclaim is granted.
 CONCLUSION CT Page 2600
For the reason set forth above, the motion to strike the counterclaim is granted.
So Ordered at New Haven Connecticut this 22nd day of February, 1999.
Robert J. Delvin, Jr. Judge of the Superior Court