[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff instituted the present lawsuit asserting that the defendant previously instituted suit against him without CT Page 5249 probable cause and withdrew lawsuit one day prior to the scheduled trial. Accordingly, the plaintiff claims compensatory damages for attorney's fees and costs incurred in the defense of that action as well as double or treble damages pursuant to the provisions of General Statutes § 52-568 which provides, in pertinent part, as follows:
 "(a) Any person who commences and prosecutes any civil action or complaint against another . . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, such pay him treble damages."
Some years ago, the plaintiff was employed by the A. W. Meyers Company and joined the defendant as an employee. The defendant claims that the plaintiff advised it that some of the customers of the A. W. Meyers Company had a good credit standing and were up-to-date on their bill payments. The plaintiff then left the employ of the defendant and returned to the A. W. Meyers Company, and the defendant claims that significant accounts receivable were owed to the defendant by companies that the plaintiff knew did not have a good credit history despite his representations.
Early in February of 1994, the defendant instituted a lawsuit against the plaintiff alleging various claims including breach of contract and misrepresentation. One day prior to the trial of that action, the case was withdrawn by the defendant. The president of the defendant company testified that after the plaintiff left the employ of the defendant she had several conversations with the plaintiff and with employees of the A. W. Meyers Company which gave rise to a basis for the cause of action asserted in February of 1994. The plaintiff forwarded an affidavit to counsel for the defendant from an employee of A. W. Meyers Company which was inconsistent with the position being taken by the defendant, the plaintiff in the prior litigation. The defendant's president does not recall ever seeing that affidavit, and it was admitted only for a limited purpose since the employee of A. W. Meyers did not testify.
The plaintiff claims that the employees of A. W. Meyers, which the plaintiff claims provided information giving rise to the basis of the prior lawsuit, were always available for deposition and those depositions were never taken. Accordingly, CT Page 5250 the plaintiff claims that given the plaintiff's denial of the assertions made by the defendant, as plaintiff in the prior litigation, and the withdrawal of the case the day before trial give rise to an inference of a lack of probable cause.
The president of the defendant company stated that the prior action was withdrawn because the other witnesses were out of state and not available for trial. In the present action, the defendant also produced another employee of the defendant who gave testimony consistent with the testimony given by the president of the defendant company with respect to the prior lawsuit.
"Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action." VanderSluis v.Weil, 176 Conn. 353, 407 (1978)
The defendant claims as a result of conversations with other parties there was a sufficient basis to justify a belief in the existence of a cause of action against the plaintiff. The plaintiff in the present action did not produce any of the witnesses upon whom the defendant claims to have relied with respect to the institution of the prior lawsuit against the plaintiff. The plaintiff is asking the court to infer, or that the facts imply, that the failure to take out of state depositions and the withdrawal of the case establishes the lack of probable cause.
Accordingly, the court finds that the plaintiff has failed to sustain his burden of proof and judgment may enter for the defendant.
RUSH, J.