[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#120)
In her second revised complaint, the plaintiff, Kathleen Taylor, alleges claims of vexatious litigation pursuant to General Statutes § 52-568 and the common law arising from two summary process actions that the defendant, The Convent of St. Birgitta, Inc. brought against her. "To establish . . . [a vexatious suit] cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." (Internal quotation marks omitted.)DeLaurentis v. New Haven, 220 Conn. 225, 248, 597 A.2d 807 (1991). The defendant moves for summary judgment on the grounds that no genuine issues of material fact exist that it had probable cause and acted CT Page 11104 without malice, that collateral estoppel bars the action and that dismissal for defective notice in the first action does not constitute a favorable termination for a claim of vexatious litigation. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000).
Genuine issues of material fact exist concerning whether the defendant lacked probable cause or acted with malice. "[I]n the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted. . . . The determination of probable cause in an action for vexatious litigation turns on the defendant's state of mind concerning the litigation. . . . Summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Citations omitted; internal quotation marks omitted.)Talcott Mountain Science Center of Student Involvement, Inc. v. AbingtonLtd. Partnership, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 549521 (January 7, 1998, Hennessey, J.). "Advice of counsel is a complete defense to an action of malicious prosecution or vexatious litigation suit when it is shown that the defendant . . . instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing." Vandersluis v. Weil,176 Conn. 353, 361, 407 A.2d 982 (1978).
Here, the plaintiff's affidavit sets forth that the defendant asked her to acknowledge certain rules that would have caused her to lose statutory protections and took away privileges that she had previously enjoyed. Consequently, the plaintiff's affidavit raises genuine issues of material fact concerning whether the defendant acted with malice or without probable cause. In addition, the affidavit of the defendant's attorney does not set forth what facts the defendant related to him that caused him to advise the initiation of summary process proceedings. Accordingly, the court holds genuine issues of material fact exist as to whether the defendant lacked probable cause or acted with malice.
The court holds that the dismissal of the first action for defective notice does not bar the vexatious suit claim. "[W]e have never required a plaintiff in a vexatious suit action to prove a favorable termination CT Page 11105 either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration." DeLaurentis v. New Haven, supra, 220 Conn. 251. Accordingly, the court holds that termination of the action for defective notice in favor of the plaintiff satisfies the requirements of a vexatious suit claim.
The court holds that collateral estoppel does not bar this action because the issue of whether the defendant had probable cause was not fully litigated in a prior decision by an attorney trial referee. "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment."Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 706, 746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). Here, the issues before the attorney trial referee were whether the defendant granted the plaintiff a life estate and whether the doctrine of promissory estoppel removed her claim from the statute of frauds. While the attorney trial referee may have commented on whether the defendant had probable cause, the issue of probable cause was not necessary for her decision. Accordingly, the court holds that collateral estoppel does not bar the plaintiff's claims.
Based on the foregoing, the court denies the defendant's motion for summary judgment.
KARAZIN, J.