[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendants Bernard and Mary Ellen Favreau move to strike the fifth count of the complaint on the ground Connecticut does not recognize a cause of action for reckless supervision of children; they move to strike the fifth count on the ground the plaintiffs have failed to allege sufficient facts to support a claim for recklessness; and they move to strike the claims for punitive damages made in connection with the fourth and fifth counts. This court denies the motion to strike, having concluded that the plaintiffs can assert a claim for reckless supervision and that the plaintiffs have sufficiently alleged such a claim. The claim for punitive damages made in connection with the fourth count was withdrawn at oral argument and, therefore, is stricken.
The plaintiffs, Jane Doe, a minor, and her father John Doe,[1] have brought suit against Christopher Favreau, a minor, and his parents, Bernard and Mary Ellen Favreau. The plaintiffs allege that beginning in early 2000 and continuing until August 2000, Christopher Favreau repeatedly engaged in acts of sexual assault, battery and exploitation against the minor plaintiff who was then five years old. In the fourth and fifth counts respectively, plaintiff Jane Doe alleges claims against Christopher Favreau's parents for negligent supervision and reckless supervision of their son, and seek punitive damages for both claims.
Defendants Bernard and Mary Ellen Favreau have moved to strike the fifth count and the claims for relief for punitive damages as to the fourth and fifth counts. Specifically, the defendants assert that: The plaintiffs' claim for reckless supervision is legally insufficient in that Connecticut does not recognize this cause of action; the plaintiffs fail to allege an adequate factual basis to support a claim for recklessness; and punitive damages cannot be awarded for conduct which is merely negligent.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim CT Page 3029 upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997). In reviewing a motion to strike, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. MicrosoftCorp. , 260 Conn. 59, 65, 793 A.2d 1048 (2002). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
In response to the defendants' assertion that the courts of this state have not recognized claims for reckless supervision, the plaintiff argues that the courts have done so and cites Dewey v. Gosselin, Superior Court, judicial district of Hartford, Docket No. CV 97 0571659 (September 9, 1997, Rittenband, J.) (20 Conn.L.Rptr. 217). The defendants argue that the plaintiffs' contention is misplaced because Dewey recognized a cause of action for reckless supervision of an employee and not for reckless supervision of a minor child by the child's parents. Therefore, the defendants argue, the claim is legally insufficient and should be stricken.
"At common law, the torts of children do not impose vicarious liability upon parents qua parents, although parental liability may be created by statute; see General Statutes § 52-572;[2] or by independently negligent behavior on the part of the parents." Kaminski v. Fairfield,216 Conn. 29, 34, 578 A.2d 1048 (1990). Thus, absent statutory liability, parents are "not liable for the torts of their children unless they themselves [are] independently negligent, as where they had entrusted a dangerous instrumentality to their children or had failed to restrain their children who they knew possessed dangerous tendencies."Santagata v. Woodbridge, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 96 0384914 (December 26, 1997, Zoarski, J.).
In recognizing a cause of action for negligent supervision of a minor child by the child's parents, Connecticut trial courts follow the 2 Restatement (Second), Torts, Standard of Conduct § 316, p. 123 (1965), whereby: "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that CT Page 3030 he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control." See Robyn v.Palmer-Smith, Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. CV 99 0174453 (February 20, 2001, D'Andrea, J.) (motion to strike denied where plaintiff alleged that parents failed to exercise reasonable care in controlling son they knew or should have known was abusing illegal substances so as to prevent him from harming others); Murphy v. Lachapell, Superior Court, judicial district of Waterbury, Docket No. CV 97 142410 (May 23, 1999, Pellegrino, J.) (24 Conn.L.Rptr. 567) (motion to strike denied where plaintiff alleged that parents knew or should have known their daughter would hold party involving alcohol while they were away and failed to prevent her from doing so); Jarboe v. Edwards, 26 Conn. Sup. 350, 223 A.2d 402 (1966) (parents liable for torts of minor son because they had ability to control him and knew or should have known of the need to do so because of his fascination with fire and propensity to play with matches). Accordingly, "[t]o allege a common law claim, a plaintiff would need to allege that the parent failed to restrain a child they knew or should have known had dangerous propensities, or that the parent negligently entrusted a dangerous instrumentality to the child. Without such an allegation, the complaint would be open to a motion to strike." Santagata v. Woodbridge,supra, Superior Court, Docket No. CV 96 0384914.
As both parties correctly assert, a Connecticut court has held that an employer can be held liable for its reckless supervision of an employee.Dewey v. Gosselin, supra, Superior Court, Docket No. CV 97 0571659 (employer showed recklessness in supervision of employee it knew had a history of alcoholism when it failed to observe him at the start of his duty). The court in Dewey relied on Vandersluis v. Weil, 176 Conn. 353,358 (1978), wherein the Supreme Court stated: "[p]unitive damages are awarded where the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights;" and found that a claim for reckless supervision of an employee was a natural extension of a claim for negligent supervision of an employee.
This court agrees with the plaintiffs' argument that a common-law claim against parents for the reckless supervision of their minor child is a natural extension of a common-law claim of negligent supervision, where the allegations demonstrate that the parents acted with a reckless indifference or disregard to the rights of others when they knew or should have known of their child's dangerous propensities and failed to properly supervise or control their child to prevent injuries to another person. In the present case, plaintiff Jane Doe alleges in the fifth count that the defendants recklessly failed to control their son to prevent him from harming the minor plaintiff; they created and fostered a home CT Page 3031 environment which included highly pornographic materials in their children's bedrooms and in common spaces in the home, which they knew was likely to instill sexually deviant behavior in their son; they were aware that their son had previously demonstrated sexually deviant behavior and failed to take action to prevent him from harming others; and they recklessly failed to restrain or control their son, although they knew that he had exhibited deviant behavior and had a propensity to commit sexual assault. The plaintiff has sufficiently alleged conduct by the defendant parents that establishes independent, reckless behavior, thereby creating liability under the common law.
The defendants also move to strike count five on the ground that the plaintiffs failed to plead sufficient facts to support a recklessness claim distinct from the negligence claim. The defendants argue that the fifth count merely restates the allegations of the negligent supervision claim and substitutes the word recklessly for the word negligently. In opposition, the plaintiffs assert that they have alleged facts sufficient to support a claim for recklessness and that the same or similar conduct can support a claim for negligence and a claim for recklessness.
Under common law, reckless conduct "is more than negligence, more than gross negligence . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . While [the courts] have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. The result is that willful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." (Internal quotation marks omitted.)Craig v. Driscoll, 262 Conn. 312, 342-43, 813 A.2d 1003 (2003).
"If the plaintiff merely reiterates the facts from the negligence count and inserts the word reckless, a motion to strike is properly granted . . . If, however, the factual allegations in the negligence count are detailed and specific enough to support a claim of recklessness, the motion to strike may be denied." (Citations omitted; internal quotation marks omitted.) Walters v. Tanner, Superior Court, judicial district of New London, Docket No. CV 549835 (November 15, 1999, Martin, J.). See also Barone v. Connecticut Development Authority, Superior Court, judicial district of New Britain, Docket No. CV 00 0504617 (April 2, 2001, Shapiro, J.) ("[w]here the allegations of a count of a contested CT Page 3032 pleading support a cause of action of recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence" [internal quotation marks omitted.]).
In this case the plaintiffs allege facts distinct from their negligence claim and that specifically show how the defendants were reckless. As previously detailed, these allegations adequately allege "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Craig v.Driscoll, supra 262 Conn. 342. Therefore, the motion to strike count five of the plaintiff's complaint is denied.
Lastly, the defendants move to strike the claims for punitive damages as to count four (negligence) and count five (recklessness). "To support an award for punitive damages, the evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Internal quotation marks omitted.)Sorrentino v. All Season Services, Inc., 245 Conn. 756, 778, 717 A.2d 150
(1998). At oral argument the plaintiffs stated that their claim for punitive damage relates only to the fifth count and not to the fourth count.[3] In count five, the plaintiffs allege that their injuries were caused by the recklessness of the defendants. Accordingly, the motion to strike the claim for punitive damages is granted as to the fourth count and denied as to fifth count.
 So ordered. THIM, J.