[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a three-count complaint against the defendant Cumberland Farms, Inc. alleging causes of action for malicious prosecution, abuse of process, and libel.
On February 8, 1994, after a shoplifting incident in a Cumberland Farms store, an employee of Cumberland, Norman Raymond, provided a formal written statement to the Bristol police department identifying the plaintiff, Dennis Martin, as the shoplifter. As a result of this statement the plaintiff was arrested and charged with larceny in the sixth degree. On or about February 22, 1994, Raymond realized he had misidentified the plaintiff as the shoplifter but failed to formally correct the erroneous identification and subsequently the charge of larceny was dismissed.
Defendant files this motion for summary judgment claiming that (1) a cause of action for malicious prosecution applies only to the initiation of legal proceedings, not the failure to terminate legal proceedings, (2) the failure to correct a misidentification does not constitute abuse of process, and (3) defendant's providing a statement to the police in furtherance of a prosecution affords the defendant a qualified immunity from libel.
 I
Plaintiff's first count alleges malicious prosecution. CT Page 1935
In McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982) our Supreme Court stated:
"An action for malicious prosecution . . . requires a plaintiff to prove that: (1) the defendant initiated or procuredthe institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have been terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." (Emphasis added.)
In Lo Sacco v. Young, 20 Conn. App. 6, 20, the Appellate Court stated "malicious prosecution is the groundless institution of criminal proceedings against the plaintiff." (Emphasis added)
The distinction between malicious prosecution and abuse of process was discussed in Central Connecticut Acoustics, Inc. v.Pandora, Superior, judicial district of New Haven at Meriden, Docket No. 0229061 (February 22, 1991, Dunnell, J.) as follows:
 "`The distinction between malicious prosecution or vexatious suit and abuse of process as tort actions is that in the former the wrongful act is the commencement of an action without legal justification, and in the latter it is in the subsequent proceedings, not in the issue of process but in its abuse.'"
This same distinction is drawn in Lewis Truck Trailer, Inc.v. Jandreau, 11 Conn. App. 168, 169-71, (1987).
It is concluded that in Connecticut, a cause of action for malicious prosecution arises only from the initiation of an action without legal justification and does not encompass the wrongful continuation of such an action.
Defendant's motion for summary judgment with respect to the first count is granted.
 II
Plaintiff alleges in the second count abuse of process in that the defendant Cumberland Farms' refusal to issue a correcting statement to the Bristol Police Department despite having caused the arrest of an innocent man was principally motivated by an improper desire to avoid the risk of civil CT Page 1936 accountability and was, therefore, an abuse of process. Defendant has not disputed the plaintiff's factual allegations but claims that a failure to correct a misidentification does not constitute abuse of process.
In Mozzochi v. Beck, 204 Conn. 490, 494 (1987), our Supreme Court stated:
 "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed . . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, 682 emphasizes that the gravamen of the action for abuse of process is the use of `a legal process . . . against another primarily to accomplish a purpose for which it is not designed' . . . Comment b to 682 explains that the addition of `primarily' is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."
In Mozzochi the Court actually held that the plaintiff's allegations, that "the defendants continued to pursue litigation 'for an unlawful ulterior purpose, to-wit: to inflict injury upon the plaintiff and to enrich themselves and their said client although they knew that their said lawsuit was without merit'" was too general an allegation of abuse to satisfy the requirement of showing the use of legal process was primarily to accomplish a purpose for which it is not designed. However, the statement of law brings the second count within its ambit.
The second count sufficiently alleges that that defendant abused the legal process by allowing the legal proceedings to continue against the plaintiff, primarily to avoid civil liability, a purpose for which the legal process is not designed. Defendant's motion for summary judgment with respect to the Second Count is denied.
III
CT Page 1937
The Third Count alleges libel. Defendant claims it is immune from libel because the accusatory statement was made to the police.
Statements accusing a plaintiff of theft are libelous or slanderous per se." Miles v. Perry, 11 Conn. App. 584, 602, (1987). It is recognized, however, that a qualified or conditional privilege may arise in a situation where an alleged libelor or acts in the bona fide discharge of a public or private duty." Id., 594 n. 8. Our Supreme Court has held, however, that if one acts with an improper or unjustifiable purpose, the qualified privilege is defeated. Bleich v. Ortiz, 196 Conn. 498,501, 504, (1985). "Whether a defamatory communication implicates an interest worthy of protection is a question of law for the trial court to determine, but whether the privilege is nevertheless defeated through its abuse is a question of fact to be decided by the jury." Id. Since the question of whether there was an improper or unjustifiable purpose is one of materiality, defendant's motion for summary judgment is denied with respect to the Third Count.
In summary, the motion for summary judgment is granted as to the First Count and denied as to the Second and Third Counts.