[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT(#160)
The defendant moves for summary judgment as to counts one, three, five and six of the plaintiff's fourth amended complaint. For the reasons that follow, the motion is granted as to counts one, three and six, and denied as to count five.
I. FACTUAL AND PROCEDURAL HISTORY 
In a seven count fourth amended complaint, dated January 22, 1997, the plaintiff, Jean Vitale, brought an action against the defendant, Catherine Kligerman, her ex-husband's attorney. ln her CT Page 5308 complaint, the plaintiff alleges claims for vexatious litigation, abuse of process, negligence[1] and intentional infliction of emotional distress. The allegations of the complaint are based upon circumstances that arose during post judgment dissolution proceedings between the plaintiff and her former husband, who was then represented by the defendant.
Count one alleges a claim for vexatious litigation. Specifically, the plaintiff alleges that in December, 1993, the defendant filed a motion for contempt against the plaintiff because she allegedly denied visitation to the defendant's client in violation of a court order. The court ordered that the plaintiff be served, in hand, with a copy of the contempt motion on or before December 18, 1993. The plaintiff, however, was not served on or before that date, and, according to the plaintiff, the defendant was aware of such fact. Nevertheless, the defendant would not agree to a continuation of the hearing scheduled for December 21, 1993. The plaintiff alleges that because of the defendant's refusal to agree to a continuance, the plaintiff missed work and was required to pay an attorney to represent her with respect to an improperly served motion for contempt. This, the plaintiff alleges, constituted a vexatious suit.
Count three alleges a claim for abuse of process. The allegations in count three concern the issuance of a capias on February 2, 1994, against the plaintiff, that resulted in the plaintiff's arrest. The plaintiff alleges that the capias was improperly requested by the defendant attorney who took advantage of her "close personal relationship" with the judge. Specifically, the plaintiff alleges that on February 1, 1994, the plaintiff attended a hearing on another contempt motion filed by the defendant. At the conclusion of the hearing, the parties advised the judge that they were close to reaching an agreement. The judge agreed, in chambers, to accept an agreement on the record at two o'clock p. m. the next day, February 2, 1994.
According to the plaintiff, the negotiations subsequently broke down and the parties were unable to reach an agreement. The plaintiff further alleges that because she believed that the judge never continued the hearing, and because the parties failed to reach an agreement, she thought that her appearance in court on February 2, was not necessary. The defendant, however, appeared before the court on February 2, 1994, and allegedly made several misrepresentations to the court. At the defendant's request, the judge issued a capias and the plaintiff was arrested CT Page 5309 pursuant to said capias on March 7, 1994. The complaint further alleges that the defendant had a close, personal relationship with the judge and that the defendant used this relationship to influence the judge to issue the capias. The plaintiff claims that the defendant's conduct and alleged misrepresentations to the court constituted an abuse of process.
In count five, the plaintiff incorporates the allegations of count three and further alleges that the defendant's actions were intended to, and did cause extreme emotional harm to the plaintiff.
Finally, count six also alleges a claim for abuse of process. The allegations in count six concern a court appearance scheduled on May 17, 1994. For approximately one month prior to the hearing, the plaintiff unsuccessfully attempted to persuade the defendant to agree to a postponement of the hearing, because May 17 was a sacred religious holiday for the plaintiff which required her to be in synagogue for extended services and prohibited her from operating or riding in a motor vehicle.
On May 10, the plaintiff's attorney filed a motion for a continuance of the May 17 hearing. The defendant refused to agree to the requested continuance, and the court denied the motion. This resulted in a fourteen mile round trip walk in the rain from her home in West Hartford in order to appear in Hartford Superior Court. The plaintiff alleges that the defendant's conduct in refusing the continuance was designed to force the plaintiff to choose between her religion and the welfare of her child and therefore, constituted an abuse of process.
The defendant now moves for summary judgment as to counts one, three, five and six of the plaintiff's fourth amended complaint. The defendant has filed a memorandum of law in support of her motion and the plaintiff has filed a memorandum of law in opposition. Each side filed supplemental memoranda in support of their respective positions.
II. STANDARD FOR SUMMARY JUDGMENT 
"Practice Book § 384 [, now Practice Book (1998 Rev.) § 17-49,] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a CT Page 5310 matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751. 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995).
III. DISCUSSION 
A. Count one: Vexatious Litigation 
"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." Vandersluis v.Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978). The Connecticut Supreme Court "[has] never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration." DeLaurentis v. New Haven,220 Conn. 225, 251, 597 A.2d 807 (1991).
In the present case, the defendant moves for summary judgment on the grounds that the refusal to agree to a continuance cannot form the basis of a vexatious suit claim and because the filing of a motion for contempt does not constitute a prior action for the purposes of a vexatious suit. The defendant also argues that even if the court were to conclude otherwise, the court should nevertheless grant summary judgment because the contempt motion was filed with probable cause.
The plaintiff counters that the filing of the contempt motion can constitute a prior action and that the defendant's refusal to agree to a continuance shows that the defendant was acting without probable cause. The plaintiff further argues that count one does not focus on the merits of the contempt motion, but on the defendant's insistence on the plaintiffs appearance in court. Thus, the plaintiffs vexatious suit claim is based upon the CT Page 5311 defendants refusal to agree to a continuance of the hearing when she allegedly knew that the motion was not served in accordance with the law and could not be acted upon by the court.
I conclude that the defendant's motion for summary judgment should be granted as to count one for two reasons. First, in a vexatious suit action or a malicious prosecution action, "the plaintiff must allege and prove that the original action, whether criminal or civil, was instituted with malice, without probable cause, and that it terminated in favor of the plaintiff." (Emphasis in original.) TCW Realty Fund II v. Pearle Vision,Inc., Superior Court, judicial district of Hartford-New Britain Housing Session, Docket No. CVH-4990HD (October 29, 1996, Beach, J.). See also Martin v. Cumberland Farms, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 546209 (March 27, 1996, Wagner, J.) (16 Conn. L. Rptr. 369) (holding that "[t]he distinction between malicious prosecution or vexatious suit and abuse of process as tort actions is that in the former the wrongful act is the commencement of an action without legal justification, and in the latter it is the subsequent proceedings, not in the issue of process but in its abuse"). The plaintiff in the present case argues that the vexatious conduct alleged in count one is the refusal to agree to continue the hearing, and not the institution of the contempt proceeding itself. Because, as a matter of law, the plaintiffs allegations are insufficient to support a vexatious suit claim, the defendant's motion for summary judgment must be granted as to count one. See TCW Realty Fund lI v. Pearle Vision, Inc., supra, Superior Court, Docket No. CVH-4990HD; Martin v. CumberlandFarms, Inc., supra, 16 Conn. L. Rptr. 369.
Second, even assuming for the purposes of this motion that the filing of the contempt motion and the subsequent dismissal for lack of jurisdiction can form the basis for a vexatious suit claim, the evidence submitted shows that the contempt motion was filed with probable cause and the plaintiffs claim that the defendant's refusal to agree to a continuance establishes a lack of probable cause is without merit.
"Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action." Vandersluis v.Weil, supra. 176 Conn. 356. "Thus in the contest of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the CT Page 5312 validity of the claim asserted." DeLaurentis v. New Haven, supra,220 Conn. 256. "Whether the facts are sufficient to establish the lack of probable cause is a question ultimately to be determined by the court, but when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to the jury as a mixed question of fact and law." Id., 252-53. See also Vandersluis v. Weil, supra, 176 Conn. 356
(holding that "whether particular facts constitute probable cause is always a question of law").
The plaintiff relies on a letter sent by her attorney to the defendant the day before the scheduled hearing on the contempt motion wherein her attorney stated that the plaintiff was not served in hand as required by the court and, therefore, the court lacked jurisdiction to proceed. (Plaintiff's Memorandum in Opposition, Exhibit A.) This letter, without more, is insufficient to establish the existence of a genuine issue of material fact as to the defendant's alleged lack of probable cause.
First, nowhere is it alleged that the contempt proceeding itself was initiated without probable cause. Moreover, the plaintiff does not seriously dispute that the defendant had probable cause for the filling of the motion for contempt. Indeed, there was a dispute between the parties as to a visitation scheduled only a few days after the date of the filing of the contempt motion. Thus, the evidence compels the conclusion that the motion was filed in an effort to resolve the dispute prior to the scheduled visitation. Because there was a dispute between the parties as to a scheduled visitation, and therefore, the plaintiff was potentially in violation of a court order,[2]
it is clear that the defendant had probable cause to institute the contempt proceeding.
Moreover, I find that the plaintiff's claim that the defendant's refusal to agree to a continuance establishes a lack of probable cause is without merit. As previously noted, in the context of a vexatious suit action, the plaintiff must prove that the prior I proceeding was initiated without probable cause. The plaintiff has failed to do this. Accordingly, because the plaintiffs allegations are insufficient to support a claim for vexatious litigation, and because the court finds as a matter of law that the defendant had probable cause to institute the contempt proceeding, the defendant's motion for summary judgment as to count one should be granted. CT Page 5313
B. Counts Three and Six: Abuse of Process 
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Mozzochi v. Beck. 204 Conn. 490, 494,529 A.2d 171 (1987). "Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . Comment b to § 682 explains that the addition of `primarily' is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id.
In Mozzochi v. Beck, supra, 204 Conn. 495, the court held that "an attorney may be sued for misconduct by those who have sustained a special injury because of an unauthorized use of legal process. In permitting such a cause of action, [the court] must, however, take care not to adopt rules which will have a chilling and inhibitory effect on would-be litigants of justiciable issues." (Internal quotation marks omitted.) Thus, the court explained that "although attorneys have a duty to their clients and to the judicial system not to pursue litigation that is utterly groundless, that duty does not give rise to a third party action for abuse of process unless the third party can point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation. Any other rule would ineluctably interfere with the attorney's primary duty of robust representation of the interests of his or her client." Id., 497.
Count three of the complaint in the present case alleges that the defendant improperly influenced a judge of the Superior Court to issue a capias for the plaintiff. The defendant moves for summary judgment as to count three on the ground that the plaintiff has not pleaded any specific misconduct intended to cause specific injury. Specifically, the defendant argues that the capias was used to accomplish the purpose for which it was designed, namely, to compel the plaintiffs attendance in court. CT Page 5314 Because the plaintiff failed to appear at the contempt hearing, the defendant sought to compel her appearance by asking the judge for an order directing the sheriff to bring her to court.[3]
The plaintiff argues in opposition that the defendant failed to communicate to the court facts known to her which indicated that the plaintiff and her attorney did not believe the court appearance was required. The plaintiff therefore argues that the issue is whether the actions of the defendant in obtaining the capias were done improperly and to accomplish a purpose for which it was not designed and not whether the capias itself accomplished its intended purpose. The complaint further alleges that the defendant had a close, personal relationship with the judge and that the defendant used this relationship to influence the judge to issue the capias.
I find that the plaintiff has failed to substantiate her claim for abuse of process in count three. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., supra, 235 Conn. 202.
The plaintiff's allegations of a "close personal relationship" between the defendant and the judge are completely unsupported and utterly without merit. Furthermore, the Connecticut Supreme Court has held that in order to prove a claim for abuse of process, a plaintiff must "point to specific misconduct intended to cause specific injury outside the normal contemplation of private litigation." Mozzochi v. Beck, supra,204 Conn. 497. Any "incidental motive of spite or an ulterior purpose of benefit to the defendant is not sufficient to constitute a cause of action for abuse of process." Jackson v.R.G. Whipple. Inc., 225 Conn. 705, 720, 627 A.2d 374 (1993). Based on the evidence in this case, it is clear that the plaintiff has failed to substantiate her claim that the defendant used the legal process against the plaintiff primarily to accomplish a purpose for which the process was not designed. Accordingly, because no genuine issues of fact exist as to the CT Page 5315 plaintiffs claim for abuse of process in count three, the defendant's motion for summary judgment as to count three should be granted.
Count six also alleges a claim for abuse of process. This claim is based on the defendant's refusal to agree to a continuance of a hearing scheduled for May 17, 1994. In support of her motion for summary judgment, the defendant argues that merely refusing to agree to a continuance does not constitute the use of legal process in an improper manner. The defendant points out that the May 17 date was initially selected by the plaintiff and that it was the court, and not the defendant, who denied the plaintiff's motion for a continuance, and ordered the plaintiff to appear, which resulted in the plaintiff walking to court.
The plaintiff argues in opposition that the defendant's conduct in refusing to agree to the continuance was designed to force the plaintiff to choose between her religion and the welfare of her child. "[S]uch a lack of cooperation was not for any other purpose than to harass and interfere with the plaintiffs religious practices. . . ." (Plaintiff's Supplemental Memorandum, p. 7.) Finally, the plaintiff argues that questions of motive and intent are not properly decided on a motion for summary judgment.
The Appellate Court has held that "summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated. . . ." Reynolds v. Chrysler FirstCommercial Corp., 40 Conn. App. 725, 731, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). "The summary judgment rule would be rendered sterile, however, if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." (Internal quotation marks omitted.) Id. Therefore, "even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 250, 618 A.2d 506 (1992).
It is evident that the plaintiff has not presented a factual predicate to support her claims. The plaintiff herself selected the May 17 hearing date. The court, and not the defendant, denied the plaintiff's motion for a continuance and ordered the plaintiff to appear in court. Even if the defendant's refusal to agree to a continuance was in fact motivated by spite or an CT Page 5316 ulterior purpose of benefit to the defendant, the court must nevertheless grant the motion for summary judgment. The plaintiff has failed to show that the defendant used the legal process primarily to accomplish a purpose for which it was not designed. Any incidental motive of spite or ulterior purpose of benefit on the defendant's part is insufficient to support a claim for abuse of process. Mozzochi v. Beck, supra, 204 Conn. 494. Accordingly, the defendant's motion for summary judgment as to count six should be granted.
C. Count Five: Intentional Infliction of Emotional Distress 
In count five, the plaintiff incorporates the allegations of her abuse of process claim in count three and further alleges that the defendant's actions were intended to, and did cause, extreme emotional harm to the plaintiff. The defendant has moved for summary judgment as to count five. In her memorandum of law, the defendant merely states that "[c]ount five of plaintiffs Fourth Amended Complaint simply realleges all of the allegations contained in Count Three and is therefore subject to the same deficiencies as previously argued. Consequently, summary judgment should enter as to Count Five in the defendant's favor." (Defendant's Memorandum of Law, p. 9.)
To prevail on a claim for intentional infliction of emotional distress, the plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Petyanv. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy [all four elements] is a question, in the first instance, for the court. Only where reasonable minds can differ does it become an issue for the jury." Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 18, 597 A.2d 846 (1991).
As to this claim, I find that the defendant has failed to meet her burden of demonstrating the absence of any genuine issue of material fact as to the plaintiff's claim for intentional infliction of emotional distress. See Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 582, 687 A.2d 111 (1996). Any findings this court made with respect to the abuse of process CT Page 5317 claim in count three are not dispositive on the claim for intentional infliction of emotional distress in count five. In fact, counts three and five contain separate causes of action that require proof of different elements to support either cause of action. A finding that the defendants conduct was not an abuse of process does not constitute a finding that the defendant's conduct was not extreme and outrageous or that it was not intended to inflict emotional harm. Although the facts relevant to count five may be the same as those presented under count three, the defendant has not sufficiently briefed, analyzed or applied them to the elements that must be proven for a claim of intentional infliction of emotional distress. Therefore, the defendant has not shown that she is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment must be denied as count five.
IV. Conclusion 
For the foregoing reasons, the court grants the defendants motion for summary judgment as to counts one, three and six and denies the motion as to count five.
Teller, J.