JAMES J. SHEA *vs.* PETER BERRY ET AL.

Third Judicial District, Bridgeport, April Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, JS.

The existence of probable cause affords absolute protection against an action for malicious prosecution.

Probable cause exists whenever the circumstances justify a reasonable belief, actually entertained, in the guilt of the accused.

The propriety of a policeman's conduct in causing the arrest and prosecution of the accused, is to be tested by the facts as they appeared to him at the time: were they such as would have led an ordinarily discreet and prudent person to believe that the accused had committed the crime for which he was arrested and tried?

Shea *v.* Berry.

In setting aside a verdict the trial judge exercises a legal discretion, and his decision—which is entitled to great weight—will not be disturbed unless it clearly appears that such discretion has been abused.

Argued April 8th—decided June 11th, 1919.

ACTION to recover damages for alleged malicious arrest and prosecution, brought to the Superior Court in New Haven County and tried to the jury before *Webb, J.;* verdict and judgment for $750 against the defendant Berry, which the trial court set aside as against the evidence and as excessive, from which action the plaintiff appealed. *No error.*

*Albert P. Bradstreet* and *Joseph A. Bergin,* for the appellant (plaintiff).

*Ulysses G. Church* and *Philip N. Bernstein,* for the appellee (defendant Berry).

RORABACK, J. The record discloses that on July 7th, 1918, the defendant Berry was a policeman connected with the police department of the city of Waterbury. Berry and another witness each testified that about two o'clock in the morning of the 7th of July, they discovered the plaintiff attempting to make an entrance into a saloon located upon East Main Street in the city of Waterbury owned by one Knightly. These witnesses stated that Shea had one hand on a door-knob while he was attempting to open the door of the saloon with a key attached to a string of keys, which he afterward admitted that he owned. These witness were corroborated as to these facts, which were in part admitted by the plaintiff in the police court the morning after he was arrested, but denied by him in the trial of the case in the court below. The plaintiff's explanation of his conduct in this connection was so improbable that the jury could not have reasonably

reached the conclusion that his attempt to enter the saloon was for a lawful purpose.

The trial judge, in his memorandum of decision upon granting the motion to set aside the verdict, stated that he thought "Berry was justified in assuming that Shea was attempting to open the door of the saloon and effect an entry therein for some unlawful purpose, and that there was probable cause under all of the circumstances disclosed by the evidence, imposing upon the defendant Berry the duty to arrest the plaintiff."

The propriety of the defendant's conduct in causing the arrest of the plaintiff is to be tested by the facts as they appeared to be at the time the prosecution in question was instituted; and the controlling question is whether these facts, as they then appeared, were such that an ordinarily discreet and prudent person would have been led to the belief that the plaintiff had committed the crime with which he was charged. If the defendant had knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he had lawful grounds for prosecuting the plaintiff in the manner complained of, then the probable cause was present and this action will not lie. Cooley on Torts (2d Ed.) p. 210, § 182.

Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. The want of probable cause does not mean the want of any cause, but the want of reasonable cause, such as would persuade a man of ordinary care and prudence to believe in the truth of the charge. Probable cause does not necessarily depend upon the actual guilt of the person prosecuted, but may rest upon the prosecutor's belief in his guilt when based upon reasonable grounds. One may act upon what appears to be true, even if it turns

Shea *v.* Berry.

out to be false, provided he believes it to be true and the appearances are sufficient to justify the belief as reasonable. Belief alone, however sincere, is not sufficient, for it must be founded on circumstances which make the belief reasonable. If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when malice is proved. *Burt* v. *Smith*, 181 N. Y. 1, 5, 6, 73 N. E. 495.

The trial judge reached the conclusion that the defendant Berry, in causing the arrest of the plaintiff, was fairly acting in the discharge of his duty as policeman, and that his purpose in that direction was to aid in the detection and prosecution of a crime which he had probable cause to believe was being committed by the plaintiff. Acting upon this theory, the judge set aside the verdict of the jury. Great weight is due to his action. After seeing and hearing the witnesses, and having the opportunity to know the value of their testimony, he reached the conclusion, as stated in his memorandum of decision, that the verdict "plainly indicates that the jury disregarded the rules of law applicable to the case, or made a mistaken application of them, and so failed to give such due consideration to the weight of the evidence as to justify the suspicion that they or some of them were influenced by prejudice or partiality."

Our rule on this subject is so well settled that we simply repeat a quotation from one of our latest decisions, which states that "the trial judge, in setting aside the verdict, was acting in the exercise of a legal discretion and his action is not to be disturbed by us unless it clearly appears that the discretion was abused." We cannot say that there has been an abuse of a legal discretion in the present case.

There is no error.

In this opinion the other judges concurred.