[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
STATEMENT OF THE CASE
This suit was brought by the plaintiff as a result of a prior action brought against it in the United States District Court for the District of Connecticut by the present defendant. In that action, styled Tingley Systems. Inc. v. Norse Systems. Inc. etal., #2:88-CV-00318, a judgment was entered against this defendant on its complaint and in favor of this plaintiff on its counterclaim. The verdict was upheld on appeal.
The plaintiff now seeks damages from this defendant on the theory of vexatious suit in that the federal court case was resolved in its favor. In a four-count complaint, the plaintiff alleges vexatious suit (2 counts), abuse of process, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
 I.
The defendant urges the court to find that there was probable cause to justify bringing the federal court suit. The dispute had its origin in a licensing agreement between the defendant, a computer software company, and Aetna Health Care Systems, Inc. Aetna was licensed to use Tingley software but was to maintain it in a confidential manner. In 1988, the defendant learned its copyrighted software had been permitted by Aetna to be taken to another site where a computer seller tested it with an eye to determining whether the software could be utilized with that company's equipment. Norse was the "middle man" for this operation and if the tests indicated compatibility between the Tingley software and the seller's equipment, Norse would be entitled to a commission of over $123,000.00 if Aetna purchased the rival's equipment.
Tingley's investigation confirmed these facts and there does not appear to be any question but that these events occurred. In CT Page 809 fact, one George Curley, an Aetna employee, admitted in the federal litigation that this had occurred and conceded that the Tingley-Aetna licensing agreement had been breached.
Based on these facts, the court concludes that there was probable cause for the defendant's suit. The defendant cites a leading Connecticut case, DeLaurentis v. New Haven, 220 Conn. 225
(1991), for the proposition that if the undisputed facts show the existence of probable cause, the court may decide the issue as a matter of law.
 "For purposes of a vexatious suit action, `[t]he legal ideal of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 35, 36 (1884); accord Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 584, 376 A.2d 60 (1977). `Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of.' Shea v. Berry, 93 Conn. 475, 477, 106 A.2d A. 761 (1919). Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted. See Albertson v. Raboff, 46 Cal.2d 375, 382, 295 P.2d 405
(1956); 3 Restatement (Second), Torts § 662, comment (c) § 675, comment (d);. . ."
In addition to these undisputed facts, the defendant has presented the affidavits of two attorneys whose expertise was in the field of computer law. Both Attorney Brown and Attorney Lowry who were involved in the original litigation stated that it was their belief that "a sufficient factual basis existed to allege each of the claims asserted. . . ."
Finally, there is the ruling from the bench of the federal judge who tried the original case. On December 13, 1993, in response to this plaintiff's motion for sanctions, the Honorable Jane A. Restani stated:
 "What else have I got for motions? The motion for sanctions. Motions for sanctions are inappropriate. The Defendant — Plaintiff had a good claim for copyrightCT Page 810 infringement. It has had some other dubious claims which it voluntarily dismissed, and at one point in time, it had a reason for bringing those claims. It soon found out that it didn't have a very good reason, and that caused a lot of the problems here. It should have found out sooner, I suppose, but as far what it did in this court, after the counsel was substituted, I really do not see a good reason to rule for sanctions and they are denied. I think that Tingley pursued its claims appropriately. If it overstated some of its claims, well, Defendant overstated some of its claims, too, and I think these, you know, it certainly put Tingley to some disadvantage, at least initially, with its moving around on its damages theory. So, you know, Rule 11 sanctions in such a case, with laws going back and forth, would not be appropriate. So that's — Rule 11's out, no sanctions." (Emphasis added.)
 II.
The defendant also argues that it proceeded in the federal court on the advice of counsel. Again, the affidavits of Attorneys Brown and Lowry support that claim as does the affidavit of Margie A. Tingley.
 "Advice of counsel is a complete defense to an action of malicious prosecution or vexatious suit when it is shown that the defendant made the complaint in a criminal action or instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing. The fact that the attorney's advise was unsound or erroneous will not affect the result." (Citations omitted.) Vandersluis v. Weil, 176 Conn. 353, 361 (1978).
The plaintiff's response to this case is that the court mentions at page 355 that Vandersluis was not brought under C.G.S. 52-568, while the instant case was The court has read theVandersluis decision and has read and re-read page 355. There is nothing in that case suggesting it applies differently to suits under § 52-568.
The court finds this decision is controlling and in view of the finding in Section I above, judgment is granted as to counts 1 and 2, sounding in vexatious suit. CT Page 811
 III.
In counts 3 and 4, the plaintiff alleges abuse of process and CUTPA violations. Both counts are premised on a lack of probable cause and must fail in view of the decision recited above in Section I.
There are other weaknesses to these counts. The defendant cites Mozzochi v. Beck, 204 Conn. 490 (1987), where, at page 494, the court sets out what the plaintiff must show in an abuse of process action:
 "the use of a `legal process . . . against another primarily to accomplish a purpose for which it is not designed. . .' (Emphasis added)", Comment b to § 682 [of the Restatement Second (1977) of Torts] explains that the addition of "primarily" is meant to exclude liability "when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."
The plaintiff claims the defendant's motive for the federal suit was malicious, but even if that were true, the argument fails because the process was used to seek relief and probable cause existed for the relief sought.
In the cited case, the plaintiff was found to have failed to show a cause of action for abuse of process on his allegation that:
 "[D]efendant continued to pursue litigation `for an ulterior purpose, to wit: to inflict injury upon the plaintiff and to enrich themselves and their said client although they knew that their said lawsuit was without merit.' So general an allegation of abuse does not satisfy the requirement of showing the use of legal process `primarily' to accomplish a purpose for which it is not designed. . . ." Mozzochi, Id, at 497.
These third and fourth counts must also fail under the doctrine of res judicata since they were or could have been alleged in the plaintiffs counterclaims in the federal suit. The abuse of process claim could have been asserted but was not, the CUTPA claim was asserted and resulted in a substantial damage award. CT Page 812
 "`Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . .'" In re John B., 20 Conn. App. 725, 570 A.2d 237 (1990); quoting Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988). "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . ." (Citations omitted; internal quotation marks omitted.) Dunham v. Dunham, 221 Conn. 384, 391-92, 604 A.2d 347
(1992)." Tucker v. Pace Investment Associates, 32 Conn. App. 384, 388 (1993).
 CONCLUSION
The plaintiff has not successfully responded to the defendant's arguments as to the facts and the law. The court finds no genuine issue as to any material fact and judgment may enter for the defendant.
Anthony V. DeMayo Judge Trial Referee