[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
In their seventh amended complaint, the plaintiffs A. James Zeller and Torringford Commercial Associates Limited Partnership claim that the defendants have committed the torts of tortious interference with a business relationship and vexatious litigation. The plaintiff Zeller is the owner of six parcels of land totaling approximately 36 acres in Torrington. He is general partner and majority shareholder of the plaintiff limited partnership. The defendants consist of individual members of an unincorporated association known as "Neighbors against the Mall"[1] and attorney Maureen E. Donahue and the law firm Howd, CT Page 2160 Lavieri and Finch. The seventh amended complaint consists of four counts; the first two are directed to the former group of defendants ("neighborhood defendants") and the third and fourth counts address the latter defendants("attorney defendants"). The two groups of defendants have pleaded special defenses not relevant to this motion. On June 26, 1997, the court (Walsh, J.) struck the one special defense relating to the issues in this motion. By this motion for summary judgment both groups of defendants claim that there is no genuine issue as to any material fact regarding liability in any of the plaintiffs' claims.
The undisputed factual background of this case can be summarized from previous decisions in this case and the memoranda filed for this motion proceeding. See Zeller v. Consolini,235 Conn. 417 (1995) and Zeller v. Consolini, Superior Court, Judicial District of Litchfield, doc. no. 92 0060356 (June 26, 1997, Walsh, J.) (19 Conn. L. Rptr. 677). In 1987 and 1988, the plaintiffs sought and received zone changes for the subject property. After each zone change, the neighborhood defendants appealed the decision of the planning and zoning commission to the Superior Court. In both instances, the court dismissed the appeals; in both instances, these defendants sought certification to appeal further to the Appellate Court which that court denied. In 1990, the inland wetlands commission of the city of Torrington granted a permit to the plaintiffs relating to the development of a mall on this property. The neighborhood defendants appealed that decision to the Superior Court, which dismissed the appeal. Certification was granted by the Appellate Court, and that court affirmed the Superior Court judgment dismissing the appeal in September 1992.
The events forming the basis of the plaintiffs' complaint here began in February 1992, when the neighborhood defendants applied to the planning and zoning commission for the city of Torrington for a zone change of the subject property owned by the plaintiffs from restricted commercial to industrial park. Their application was denied, and through the representation of the attorney defendants, the neighborhood defendants appealed to the Superior Court. The plaintiff Zeller intervened as a defendant in that appeal, and the appeal was dismissed in March 1993. The plaintiffs brought this action claiming that the defendants knew that the plaintiffs had entered into a contract in June 1991 to sell the subject property to a development company, conditioned on the plaintiffs' ability to deliver a final, non-appealable CT Page 2161 zoning certificate and zoning approvals for the property. The plaintiffs allege that the defendants' actions in seeking a zone change and appealing the denial to the Superior Court were sham proceedings, brought without probable cause and with improper motives. In this motion, the defendants argue that, as a matter of law, the defendants' actions were based upon probable cause so that judgment on all counts must enter in their favor.[2]
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book §17-49; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105
(1994); Telesco v. Telesco, 187 Conn. 715 (1982); Yanow v. TealIndustries, Inc., 178 Conn. 262 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14 (1970); Dorazio v. M.B.Foster Electronic Co., 157 Conn. 226 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-781 (1991).
The two causes of action in the complaint are factually and legally intertwined; the tortious interference count is predicated on the facts underlying the vexatious litigation count. See Blake v. Levy, 191 Conn. 257, 261-66 (1983). Accordingly, if the plaintiffs cannot prove the elements of vexatious litigation they cannot prevail on tortious interference. In order to establish a cause of action in vexatious litigation, the plaintiffs must prove a lack of probable cause, malice and a termination of the litigation in the plaintiffs' favor. Vanderslius v. Weil, 176 Conn. 353, 356
(1978). In this motion, the defendants argue that the undisputed facts are such that there is no genuine issue as to the existence of probable cause for their actions in applying for a zone change and in appealing its denial. CT Page 2162
 "For the purposes of a vexatious suit action, [t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary precaution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36 (1884); accord Ledgebrook Condominium Assn. Inc. v. Lusk Corp. , 172 Conn. 577, 584, 376 A.2d 60 (1977). `Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of.' Shea v. Berry, 93 Conn. 475, 477, 106 A. 761 (1919). Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." DeLaurentis v. New Haven, 220 Conn. 225, 256, 597 A.2d 807 (1991).
Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582,594 (1998).
In allegations crucial to this motion, the plaintiffs claim that the defendants' actions were "shall proceedings". By this claim, the plaintiffs invoke an exception to the Noerr-Pennington doctrine, which interprets and applies the first Amendment to the U.S. Constitution in federal anti-trust actions. The doctrine is based upon the First Amendment right to petition the government for redress. The sham exception is defined by our U.S. Supreme Court as follows:
 First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under Noerr, and an antitrust claim premised on the sham exception must fail. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.
(Footnote omitted.) Professional Real Estate Inv. v. ColumbiaPictures Inc., 508 U.S. 49, 60 (1993).
Putting aside all facts relating solely to the defendants' motivations behind their actions, the court finds that there is no dispute as to the following facts underlying probable cause or the issue of whether the defendants' actions were objectively CT Page 2163 baseless. The defendants presented most of these facts through the underlying record, affidavits and pleadings. P.B. §17-49.
During the relevant period of time, two of the defendants owned property abutting or within one hundred feet of the plaintiffs' property. General Statutes § 8-8(1). The other individual defendants owned property located near the plaintiffs' property. In 1970, the plaintiffs' property was rezoned from R-15A (Residential) to CIR (Restricted Commercial and Industrial). In 1987 and 1985 the plaintiffs reapplied to expand properties in the CIR parcel.
In 1989 the Torrington Planning and Zoning Commission adopted a Plan of Development. In 1990, the plaintiffs applied to the commission to reduce the property for development. After this application and prior to the defendants' application here, the City of Torrington approved the construction of a new middle school, located approximately 1.1 miles from plaintiffs' property.
On February 6, 1992, the defendants applied for the zone change as to the plaintiffs' property. The defendants submitted a letter dated April 3, 1992 by traffic engineer John P. Thompson to the commission to Support the zone change on the basis of traffic impact. At the hearing before the commission Mary Jane Gryniuk prepared and presented alternate proposals for an industrial park. On May 21, 1992, Torrington city planner Dan McGuiness submitted a memorandum recommending the zone change, based in part upon the assessment of the traffic impact. On June 10, 1992, the commission denied the application by a vote of 4-1, with no reasons articulated.
The thrust of the defendants' motion is that because the 1989 master plan provided for a rezoning of the plaintiffs' property to industrial if the planned retail centers were reduced in size and the plaintiffs applied for and received a reduction in size of their property to be developed in 1990, the defendants had a reasonable good faith belief in the validity of their zone change application to change the plaintiffs' property to an industrial zone.
The defendants do not contend that the master plan is not the comprehensive plan the zoning commission is required to follow. They acknowledge that it is merely advisory. First HartfordCT Page 2164Realty Corp. v. Plan Zoning Commission, 165 Conn. 533, 542
(1973). It was, however, discussed in some detail in the court's memorandum of decision dismissing the appeal. The court did not dispense with the defendants' claim on appeal by finding the master plan merely advisory. It concluded, "the record supports the Commission's decision to deny the application to change this zone as being consistent with the town's master plan." Rizo v.Planning and Zoning Commission, Superior Court, Judicial District of Litchfield, Doc. No. 0060046, p. 5 (March 5, 1993) (Dranginis, J.)
The plaintiffs present no evidence to contest the facts presented as undisputed by the defendants. Home Insurance Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202 (1995). Instead, they assert that other material facts exist that are at issue. Much of their recitation relates to the defendants' prior opposition to the plaintiffs' applications to the commission and their motivations behind their application for a zone change. The court does not find those facts material to the issues before it in this motion.
The plaintiffs do assert with evidentiary support that no applications for zone changes brought by applicants who are not owners, individuals with an interest in the property, a city official or the commission itself have been approved in Torrington since January 1989. They argue that because the defendants were not the owners of the property for which they were seeking a zone change, a genuine issue as to a material fact exists as to probable cause. The defendants argue that there is nothing in the law, either statutory or case, that prohibits to a non-owner from seeking a zone change. They cite two Connecticut Supreme Court cases, Nowicki v. Planning Zoning Board,148 Conn. 492 (1961) and Ghent v. Zoning Commission, 220 Conn. 584
(1991). While the defendants read the Nowicki case to hold that persons owning property in the neighborhood of the subject land have standing to oppose a zone change application (Defendant's Brief, p. 16), this court does not. The only parties found to be aggrieved in the Supreme Court decision were the contiguous neighbors. The Supreme Court found it unnecessary to "review the conclusion of the [trial] court that the other plaintiffs were aggrieved persons." 148 Conn. at 495.
However, here, in its decision dismissing the defendants' appeal, the court found that a least three of the defendants had statutory standing because they were contiguous neighbors. CT Page 2165
 "Robert A. Rizo, Edward M. Brady and Louise H. Brady have presented evidence of owning property which abuts or is within one hundred feet of the property which is the subject of the Commission's decision. They, therefore, all within the statutory definition of aggrieved person."
Rizzo v. Planning and Zoning Commission, Superior Court, Judicial District of Litchfield, Doc. No. 0060046, p. 2 (March 5, 1993)(Dranginis, J.). In light of this finding, there is no issue as to the defendants' standing in the proceedings before the commission and in the Superior Court. See Nowicki v. Planning Zoning Board, supra, 148 Conn. 495. Further, the plaintiffs have provided no authority, either statutory or regulatory, to state that the defendants were prohibited from applying for a zone change for property in their neighborhood. Accordingly, the fact that the defendants were not owners of the property or individuals with an interest in the property or officials of the town does not create a genuine issue as to the existence of probable cause.
The plaintiffs also raise the fact that the defendants submitted no site plan with their application to show that an issue exists as to probable cause. The plaintiffs have not provided any authority or evidence that a site plan is a prerequisite or beneficial to the granting of a zone change application. Without such documentation and in light of the affidavit of the city planner averring that site plans generally are not filed with zone change applications, the absence of a site plan does not create a genuine issue.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court." (Citations omitted; internal quotation marks omitted.) Home Insurance Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202 (1995).
According to the parties and upon this court's review, there CT Page 2166 is no Connecticut precedent addressing the Noerr Pennington doctrine in this context. There are, however, three Rhode Island Supreme Court decisions relied upon by the defendants. These cases construe and apply a Rhode Island act entitled "Limits on Strategic Litigation Against Public Participation", P.L. 1993, chs. 354, 448, which sets up a procedure for disposing of such SLAPP suits expeditiously. Despite the absence of such a law in Connecticut, the decisions are insightful. Similar to this case, those three cases are actions of malicious prosecution or abuse of process and/or tortious interference arising from actions taken in land use matters. In all three decisions, the appellants sought review of summary judgment rulings.
In Hometown Properties, Inc. v. Fleming, 680 A.2d 56 (RI 1996), the Supreme Court quashed the trial court's denial of a motion to dismiss[3] and remanded for judgment to enter in favor of the defendant. The plaintiff had brought suit against the defendant for her letters to state and federal environment officials regarding the plaintiff's landfill activities. Notwithstanding the plaintiff's demand, the defendant did not retract the substance of the letters. The plaintiff's suit for tortious interference with contractual relations and defamation was dismissed under the Rhode Island statute and by application of the Noerr Pennington doctrine. The defendant provided the court with an affidavit that her letters were based upon various scientific studies and reports. The plaintiff submitted no opposing affidavits or documents but relied on its pleadings. The Supreme Court found that based on the record the defendant had not engaged in sham activity.
In Cove Rd. Dev. v. N. Cranston Indus. Park, 674 A.2d 1234
(1996), the plaintiff developer appealed the trial court's entry of summary judgment in favor of the defendants, some who were abutters to the proposed development and others who were owners in a nearby industrial park. The plaintiff alleged that the defendants were liable Id., 63. for malicious prosecution and abuse of process by instituting and pursuing an appeal of the approval of a zoning amendment requested by the plaintiff.
In affirming the trial court, the Supreme Court noted that the plaintiff had presented insufficient facts to create a genuine issue of fact as to probable cause. The defendants had presented expert testimony before the trial court which addressed the substance of the defendants' appeal at length in its decision and did not indicate a view that the appeal was frivolous. The CT Page 2167 court held:
 In summary, therefore, we conclude that the defendants had reason to believe that the proximity of the plaintiff's proposed residential development to the industrial park would create problems for the defendants who, in response, duly exercised their right to redress their grievances. We further conclude that the defendants' appeal of the zoning amendment that permitted the project was not objectively baseless, in that an objective litigant could reasonably have expected a successful outcome.
Cove Rd. Dev. v. N. Cranston Indus. Park, supra, 674 A.2d 1239.
The final case of the Rhode Island trilogy was, in fact, the first decided. In Pound Hill Corporation, Inc. v. Perl, 668 Ad. 1260 (RI 1996), the Supreme Court determined that summary judgment in favor of the defendant was inappropriate primarily because genuine issues of fact existed as to whether the defendant's actions were objectively baseless. The plaintiff developer applied for a zone change for property it had contracted to purchase. The zone change was approved and the plaintiff became the owner of the property. At that point the defendant, a religious organization who had sought to purchase the property, began a series of efforts to thwart the plaintiff's development plan by reversing the zone change. The Supreme Court reversed the trial court, holding as follows:
 We are of the opinion that a trier of fact might well determine that the landowner's protests insofar as based upon the necessity of a three-fifth's vote had been obtained were objectively baseless. A trier of fact might also determine that the filing of an action in the Superior Court to enjoin the Cumberland Town Council from meeting was objectively baseless. Smith v. Brock, 83 R.I 432, 118 A.2d 336 (1955). A trier of fact might determine that filing an action in the Superior Court after the time (forty days) required § 45-5-16 was similarly objectively baseless, particularly in view of the fact that no attempt was made to meet the appellate procedural requirements. A trier of fact might determine that the appeal from the planning-board approval of Pound Hill's plat was also objectively baseless since no substantive ground for such an appeal was presented to the zoning board of review on September 27, 1989.
CT Page 2168
Pound Hill Corp., Inc. v. Perl, supra, 668 A.2d 1264.
Like the defendant in Hometown, the defendants here had documents to support their applications, and like the trial court in the subject appeal here, in Cove Road the trial court addressed the substance of the defendants' appeal from the zoning decision and did not indicate a view that the appeal was frivolous. The efforts of the defendants in Pound Hill to overturn a zone change were dramatically different from those of the defendants here in trying to effect a zone change. Our legislature may not have promulgated anti-SLAPP legislation as did the legislatures of Rhode Island and Massachusetts,[4] nor has our Supreme Court expressly applied the Noerr Pennington doctrine, but our common law of vexatious litigation is well established as is our adherence to constitutional principles reflected in the Noerr Pennington doctrine. Further, the Second Circuit noted in a decision holding that the filing of a single nonsham lawsuit could not form the basis of a claim under the Connecticut Unfair Trade Practice Act ("CUTPA") or the common law,
 We believe that Connecticut's courts would be guided by the strong suggestions from the federal courts that impose in liability for the act of filing a non-sham lawsuit would present serious constitutional problems, and would construe Connecticut law to avoid these problems. Especially since Noerr-Pennington's statutory exemption is defined in terms of first amendment activity, we are confident that Connecticut's courts would carve out a similar exception to CUTPA and the common law, whether or not they believed that they were required to do so by the Constitution.
Suburban Restoration Co. Inc. v. ACMAT Corporation, 700 F.2d 98,102 (1983).
The court need not determine if this lawsuit is a SLAPP suit. By application of Connecticut's common law as to vexatious litigation and the law of summary judgment as well as the Noerr Pennington doctrine, the court decides this motion. The undisputed facts, including the promulgation of a master plan, the subsequent downsizing of the plaintiffs' site and the engineer's opinion on traffic impact, show that the defendants had a reasonable good faith belief in the facts supporting the zone change application and the validity of that claim. NorseSystems. Inc. v. Tingley Systems, Inc., supra, 49 Conn. App. 594. CT Page 2169 Further, based upon these undisputed facts and the lack of any other material facts, the court can find as a matter of law that the defendants' actions were not objectively baseless.Professional Real Estate Inv. v. Columbia Pictures Inc., supra,508 U.S. 60. Once denied by the zoning commission, the defendants had probable cause to appeal that denial to the Superior Court.[5] Their motives behind these actions are irrelevant to the issue of probable cause.
Because there are no disputed facts sufficient to establish a lack of probable cause, the issue need not go to the trier of fact. DeLaurentis v. New Haven, 220 Conn. 225, 252 (1991). The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried.Dowling v. Kielak, supra, 160 Conn. 14 (1970); Dorazio v. M.B.Foster Electronic Co., supra, 157 Conn. 226 (1968).
For the foregoing reasons, the court grants the motion for summary judgment. Judgment may enter in favor of the defendants.
DiPentima, J.