[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, D.R.S. Consultants, Inc., has brought this action for vexatious suit against the defendant, John T. Loforese. It is the end result of a previous suit brought by the defendant herein against the plaintiff. The plaintiff, D.R.S. Consultants, Inc., prevailed in the previous action and now brings suit against the defendant alleging that the prior action was brought without probable cause and with malice.
In order for one to prevail in a vexatious suit action, the plaintiff must establish a lack of probable cause in the previous suit, that the suit was brought with malice, and that the plaintiff received a verdict in his favor in the previous suit wherein he was the defendant.
 "A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon CT Page 13544 a prior civil action, whereas a malicious prosecution ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor . . .
Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 708 (2000).
The forerunner to the present action resulted from certain blasting operations in the immediate vicinity of the defendant's home in Greenwich, Connecticut. The defendant alleged damage to his residence which resulted from the blasting and brought that action seeking to recover from D.R.S. Consultants as well as the blasting company, Hard Rock Blasting Company, Inc. The suit against D.R.S. Consultants, Inc. was based on negligence in that he did not properly supervise the blasting and report to Hard Rock of the damage being caused by the blasting. D.R.S. Consultants has continuously maintained that they were engaged by Hard Rock to monitor the seismic effect of the blasting and to report to Hard Rock about blasting which exceeded the guidelines established by the United States Bureau of Mines. Photographs were taken of the defendant's residence prior to the blasting by D.R.S. Consultants and, subsequent to the action, photographs of the alleged damage were taken by Loforese. Both sets of photographs were admitted into evidence in the prior action.
The Attorney Trial Referee who presided over the previous trial found for the defendant therein and judgment was entered in their favor. His decision was based upon his finding that the exhibits which consisted of the photographs, both before and after the blasting showed no change and thus entered a finding in favor of the defendants, D.R.S. Consultants, Inc. and Hard Rock Blasting Company, Inc. As a result of that outcome, D.R.S. Consultants has brought this action alleging vexatious suit.
Based on the outcome of that suit, this court finds that the third element necessary to establish a vexatious suit claim has been proven, that is, that the plaintiff prevailed in the previous suit. There remains then for the court to determine whether there was a lack of probable cause and whether malice underlied the previous action.
"`Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of.' Sheav. Berry, 93 Conn. 475, 477. 106 A. 761 (1919). Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." DeLaurentis v. New Haven, 220 Conn. 225. CT Page 13545
"In a vexatious suit action, the defendant is said to have acted with "malice' if he acted primarily for an improper purpose, that is, "for a purpose other than that of securing the proper adjudication of the claim on which [the proceedings] are based.' Restatement (Second), Torts, Sec. 676. . . . Thus, while malice may be inferred from the lack of probable cause, lack of probable cause may not be inferred from malice." (Internal citations omitted). Ancona v. Manafort Bros., Inc., 56 Conn. App. 701,710; DeLaurentis v. New Haven, supra, 256, p. 16.
The defendant Loforese certainly was' aware of the condition of his residence both before and after the blasting. The property was inspected both before and after the blasting. The initial inspection was performed by Douglas R. Simms, the principal of D.R.S. Consultants, Inc. The defendant was present during this inspection. Subsequent to the blasting, the inspection was performed by the plaintiff D.R.S.' expert, who had impressive credentials in the area of blasting. During this inspection, the defendant was present and the time was taken by the inspectors to explain to him that the blasting was not the cause of any cracks or expansion of any crack found in the building. In addition, it was disclosed that the guidelines for blasting established by the United States Bureau of Mines were not exceeded. The court finds there was a lack of probable cause.
If the defendant, when he commenced his suit, had no cause of action and knew that he had none, this would be sufficient evidence in the absence of proof to the contrary of malice. Ives v. Bartholomew,9 Conn. 313.
All of the elements for a vexatious suit are present: the plaintiff prevailed in the prior action, there was a lack of probable cause, and the defendant as a lawyer knew he had no cause of action. Thus, the issue of malice is resolved in the plaintiff's favor.
On the issue of damages, the court finds that the plaintiff is entitled only to compensatory damages and not the treble damages requested in his prayer for relief.
In his brief, the plaintiff indicates that the suit is being brought pursuant to the Vexatious Suit Statute, § 52-568 of the Connecticut General Statutes. This is the only reference made whereby one might infer that the action was brought pursuant to the statutes, but nowhere in the pleadings is any mention made of this statute.
The Connecticut Practice Book § 10-3(a) requires the following: "When any claim made is a complaint, cross complaint, special defense, or CT Page 13546 other pleading is grounded on a statute, the statute shall be specifically identified by its number."
While the plaintiff could have brought his complaint under § 52-586
of the General Statutes, he has failed to do so. However, an action may be brought at common law, Whipple v. Fuller, 11 Conn. 586, entitles the plaintiff to compensatory damages only. The evidence presented shows that to be $9,000.00 in attorney's fees and $240.00 in costs for a total of $9,240.00.
Judgment may enter for the plaintiff in that amount.
The Court
By Curran, J.